**CARSON–MITCHELL, INC.,**
Plaintiff-Respondent,

v.

**MACON BEEF PACKERS, INC.,**
Defendant-Appellant.

No. KCD 27796.

Missouri Court of Appeals,
Kansas City District.

Nov. 29, 1976.

William D. Powell, Porter, Sprick & Powell, Columbia, for defendant-appellant.

J. David Collins, Collins & Grimm, Macon, for plaintiff-respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

TURNAGE, Presiding Judge.

Carson-Mitchell, Inc., brought suit against Macon Beef Packers, Inc., to recover the balance due for engineering services. The court entered judgment on a jury verdict in favor of Carson-Mitchell for $3,842.15.

On this appeal Macon contends the court erred in overruling its motion for directed verdict made at the close of plaintiff's evidence and in overruling its motion to have verdict and judgment set aside and to have a judgment in accordance with the motion for directed verdict because Carson-Mitchell was barred as a matter of law from recovery. The second ground urged by Macon is the refusal to give an instruction. Affirmed.

Carson introduced evidence to show that its owner, Chester Carson, was a registered engineer and at the request of Macon, he had prepared plans for the renovation of a building in which Macon was going to perform slaughter and meat packing operations. Macon made no objection to any services performed by Carson, but delayed payment because of its inability to obtain a small business loan. After waiting almost two years, Carson brought suit for the balance due.

Macon raised the defense that Carson-Mitchell, Inc. was not authorized as a corporation to practice professional engineering under Chapter 327, RSMo 1969. Macon's pretrial motion on this ground was overruled, and at the close of plaintiff's evidence, Macon filed a motion for directed verdict on the same ground. This too was overruled.

At the conclusion of Carson's evidence, Macon introduced evidence. No motion for directed verdict was filed at the close of all the evidence.

Following the entry of judgment on the jury verdict in favor of Carson, Macon filed a "motion to have verdict and judgment set aside and to have judgment in accordance with the motion for directed verdict." Coupled with this motion was a motion for new trial. On this appeal, Macon contends the court erred in overruling the motion to have the verdict and judgment set aside. The motion filed by Macon was intended to be a motion for judgment notwithstanding the verdict as authorized by Rule 72.01(b). However, the motion authorized by Rule 72.01 refers to a motion for a directed verdict made at the close of all the evidence. The rule requires the motion for verdict to be made at the close of all the evidence because a motion for directed verdict made at the close of the plaintiff's evidence is waived when the defendant thereafter puts on evidence. *Garvis v. K Mart Discount Store*, 461 S.W.2d 317, 320[1] (Mo.App.1971).

■ Macon does not present a point which can be reviewed since it did not file a motion under Rule 72.01(b). The matter Macon seeks to question in the manner utilized was required to be raised in a motion for directed verdict filed at the close of all the evidence followed by a motion for judgment in accordance with such motion for directed verdict. Since Macon waived its motion for directed verdict at the close of plaintiff's case, there was no subsisting motion for directed verdict to support an after trial motion.

Macon's second point complains of the refusal of the court to give Instruction A. That instruction authorized a verdict for Macon if Carson-Mitchell, Inc., was not registered as being authorized to perform professional engineering services. Macon states in its brief it was entitled to "a determination by the jury as to whether or not the provisions of V.A.M.S. § 327.260 and § 327.461 were applicable to the instant action."

■ The Sections relied on by Macon declare contracts to be void when they are made in violation of the requirements of Chapter 327 which relate to the registration of professional architects and engineers. The defense Macon relied upon was purely legal based upon the failure of Carson-Mitchell, Inc. to be authorized by the State Board of Registration for Professional Engineers to perform engineering services. The court ruled on Macon's defense as a question of law. Thus there was no question of fact to submit to jury. The question presented by Macon's defense was purely one of law.

It is the function of the jury to decide issues of fact and not to decide questions of law. *Benham v. McCoy*, 213 S.W.2d 914, 920[15–17] (Mo.1948). The determination of Macon's legal defense was for the court. The court was not in error in refusing Instruction A which would have submitted a question of law to the jury. *Gillioz v. State Highway Commission*, 348 Mo. 211, 153 S.W.2d 18, 26[9–11] (1941).

The judgment is affirmed.

All concur.