Edna GOODENOUGH, Appellant,

v.

DEACONESS HOSPITAL and Ophelia M. Bernabe, Respondents.

No. 44776.

Missouri Court of Appeals, Eastern District, Division Three.

May 18, 1982.

Motion for Rehearing and/or Transfer Denied July 16, 1982.

Application to Transfer Denied Sept. 13, 1982.

Kenneth M. Chackes, Chackes & Hoare, St. Louis, for appellant.

Kemper R. Coffelt, Coffelt & Coffelt, P. C., Clayton, for respondent Deaconess Hosp.

Joseph H. Mueller, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Keaney, St. Louis, for respondent Bernabe.

REINHARD, Presiding Judge.

Plaintiff brought suit for injuries she sustained during a medical examination against the examining physician and the hospital at which the examination took place. The jury returned a verdict for the physician, but against the hospital. The trial court, upon motion of defendant hospital, then entered a judgment notwithstanding the verdict, in favor of the hospital, and in the alternative granted the hospital's motion for new trial. Plaintiff's motions for judgment n. o. v. and for new trial against the physician were denied. Plaintiff appeals the entry of judgment n. o. v. for defendant hospital and the denial of her post trial motions with respect to the physician.

■ We review the grant of a motion for judgment n. o. v. by considering only the evidence supporting the verdict, and inferences reasonably drawn therefrom. We can affirm only if there is no room for reasonable minds to differ on the issues, *Gregory v. Robinson*, 338 S.W.2d 88, 91 (Mo. banc 1960), and if the action of the court is supported by at least one of the grounds raised in the motion, *Stix Friedman & Co. v. Fidelity & Deposit Co.*, 563 S.W.2d 517, 521 (Mo.App.1978).

Plaintiff's case consisted of her testimony, that of the physician who examined her, and that of the nurse assistant who adjusted the examination table. Plaintiff's witness on her damages was her chiropractor. Plaintiff was also allowed to read briefly from the deposition of the hospital physician who made one examination of her neck after the injury.

Plaintiff entered Deaconess Hospital for a proctoscopic examination—an examination of the colon. The procedure followed at Deaconess was related by the nurse assistant. For the purposes of a proctoscopic

examination the patient is positioned on a table specially designed for this purpose, appropriately called a "proctoscopic table." Photographs of the table were introduced into evidence. The patient is brought to the examination room, usually in a wheelchair, and positioned on the table by a nurse assistant. The patient kneels on a kneeling board at one end of the table, and then bends over at the hips and lays chest down on the table top. The kneeling board may be adjusted by the nurse assistant for patients of different height. Two metal bars run the length of the table top, on either side, and a headboard slides on these bars, so that it may be adjusted to abut the patient's head. The patient is instructed to grasp the metal bars to help stabilize himself. Thus, the only two adjustments made are the kneeling board and the headboard.[1] The nurse assistant's function is limited to instructing the patient, adjusting the table, and positioning the patient on it.

When the nurse has completed her function the examining physician takes over. The table top is designed to pivot at a point under the patient's chest; when the table is pivoted the patient's head and shoulders are lowered and the patient's posterior is elevated. When the pivoting is complete the patient is inclined in an upside down position. The physician pivots the table by means of a mechanical device operated by foot pedals. The pivoting takes approximately thirty seconds. After the patient is pivoted the physician begins the proctoscopic examination, which lasts from 2 to 5 minutes. The entire procedure is completed swiftly, as the examinations are given every fifteen minutes.

Plaintiff was a 200 pound woman in her late fifties when she entered the hospital for the examination. A nurse assistant employed by Deaconess brought plaintiff to the examination room in a wheelchair. The nurse assistant told plaintiff to kneel on the kneeling board, lay face down on the table,

---

1. The evidence indicated that the same table could be used for other purposes as well, and had other adjustable parts, but for the procto-

scopic examination only two adjustments were made.

and to hold on to the metal bars. The nurse assistant did not adjust the kneeling board prior to plaintiff kneeling on it, but she did adjust the headboard. The defendant physician arrived in the examination room after plaintiff and the nurse assistant; she did not assist in positioning plaintiff. She proceeded by tilting the table in order to begin the examination. When the table was tilted plaintiff slid forward, causing her head to be forced against the headboard, which in turn caused injury to her neck. Plaintiff testified that she was attempting, to the best of her ability, to hold herself up, but that she was unable to do so. She brought suit for the injury to her neck.

Plaintiff's case was predicated upon the negligence of the nurse assistant, who positioned plaintiff on the table and adjusted it, and the physician, who operated the table. Plaintiff did not allege specific acts or omissions which constituted negligence. Rather she alleged: "The injury to plaintiff Goodenough's head, neck and shoulders are unconnected with the area of examination and are of a type which would not ordinarily occur in the exercise of due care, and but for the negligence of the defendants and each of them, the casualty would not have taken place." The jury was given verdict directing instructions based on MAI 31.02(3) instructing on the theory of res ipsa loquitur.

The jury returned a verdict in favor of the examining physician but against the hospital in the amount of $3,000.00. The hospital then moved for judgment n. o. v. or, in the alternative, for a new trial. The hospital's motion for judgment n. o. v. was based on three grounds: (1) expert medical testimony was required in order to establish negligence; (2) plaintiff failed to prove an act or omission on the part of the nurse assistant which proximately caused plaintiff's injuries; and (3) plaintiff failed to prove the legal identity of defendant hospital. The trial court found merit in each of these contentions and granted judgment n. o. v. for the hospital. The court also found merit in the hospital's grounds for its motion for new trial; these will be considered below.

■ The first issue on appeal, then, is whether plaintiff was required to introduce expert medical testimony to establish that the nurse assistant's failure to properly adjust the table and position plaintiff on it constituted negligence. We do not think so.

■ "[N]egligence entails the doing of something, or failing to do something, when, as a consequence thereof, the actor should have reasonably anticipated injury to another." [2] *Gregory v. Robinson*, 338 S.W.2d at 91. The cause of plaintiff's injury was a shifting of her body when the proctoscopic table was pivoted. The effect of gravity on the human body is one which must be held to be within the ken of the average juror. The jury in this case heard testimony concerning the relatively simple adjustment and operation of the table and saw photographs of it. The question for the jury was simply whether a reasonable person in the position of the nurse assistant should have anticipated a shift of plaintiff's body and taken steps to avoid it. The jury was competent to make this determination without the aid of expert testimony. "[W]here the conduct in question does not involve skill or technique in an area where knowledge of such is a peculiar possession of the profession and does involve a matter which any layman (or court) could know, then such 'professional' testimony is not necessary." *Steele v. Woods*, 327 S.W.2d 187, 199 (Mo.1959). *See also Howard v. Research Hospital & Medical Center, Inc.*, 563 S.W.2d 111, 112–113 (Mo.App.1978).

■ As has been suggested by the foregoing, we also disagree with the trial court's view that plaintiff did not make a submissible case on the issue of causation.

---

**2.** The known mental and physical condition of the patient *must* be considered in determining whether the hospital's agent exercised due care; the duty to safeguard is proportionate to the patient's needs. *Stallman v. Robinson*, 364 Mo. 275, 260 S.W.2d 743, 745 (1953); *Gregory v. Robinson*, 338 S.W.2d 88, 91 (Mo. banc 1960); *Hawkins v. Laughlin*, 236 S.W.2d 375, 380 (Mo.App.1951).

The proctoscopic table is adjustable for patients of different sizes and it is the nurse assistant's job to do the adjusting. An injury to the neck is not one which ordinarily occurs during an examination of the colon if the table is properly adjusted and the patient is properly positioned on it: the fact of the injury permits the inference that plaintiff was not properly positioned on the table, or that it was not properly adjusted to plaintiff's body and that the nurse assistant was thereby negligent. At the time of this negligence, the nurse was in sole control of the table and plaintiff's position thereon. Plaintiff was unable to observe or appreciate the nurse's omission because of plaintiff's position on the table. Plaintiff's testimony negates the possibility of contributory negligence. Hence the case is classic res ipsa loquitur, *see McCloskey v. Koplar*, 329 Mo. 527, 46 S.W.2d 557 (Mo. banc 1932); *Charlton v. Lovelace*, 351 Mo. 364, 173 S.W.2d 13, 18 (Mo.1943). Under these facts the jury had the right to draw the inference that the nurse's negligence in positioning plaintiff and adjusting the table caused plaintiff's injury.

■ Deaconess contends that this case cannot be a res ipsa case because the nurse was not in control of the table at the time plaintiff was injured. This argument misconceives the control requirement. The doctrine of res ipsa loquitur is a rule of circumstantial evidence; it depends on the strength of the inference that, given a certain injury, defendant must have been negligent. *Davis v. Jackson*, 604 S.W.2d 610, 612 (Mo.App.1980). The control requirement merely serves as one means of assurance that it was defendant's negligence and not someone else's; hence it is sufficient that defendant was in control of the instrumentality causing the injury at the time of his negligence. *McCloskey v. Koplar*, 46 S.W.2d at 560. *See* Prosser, *Law of Torts* (Hornbook Series, 4th Ed., page 220–221). The evidence in this case supports the inference that the table was improperly adjusted, and the nurse assistant was the only one who did the adjusting.[3]

■ The third grounds on which the trial court granted Deaconess's motion for judgment n. o. v. was that plaintiff had not established the "legal identity" of Deaconess. Deaconess's contention in this regard is that its "correct legal identity" is "Evangelical Deaconess Society of St. Louis." Deaconess contends that the misnomer was objected to in its answer, and hence its objection was not waived.[4] We feel it unnecessary to decide whether this is indeed a case of misnomer,[5] for Deaconess, in its answer, referred to itself as "defendant Deaconess Hospital" and admitted that it was the facility at which plaintiff was injured. Deaconess refers to itself as "Deaconess Hospital" in all other pleadings. Hence, notwithstanding the "objection" that Deaconess was improperly named, it appears that any misnomer was assented to by Deaconess.

Because judgment for Deaconess is not supported by the law in the foregoing respects, that judgment is reversed. We must next consider whether the grant of the motion for new trial was proper, and we have concluded that it was not.

---

**3.** Even though there are two defendants in this case, it is not a case in which a verdict is allowed to stand without a prima facie case having been made against either defendant. *See Ybarra v. Spangard*, 25 Cal.2d 486, 154 P.2d 687 (1944); *see* Seavey, *Res Ipsa Loquitur: Tabula in Naufragio*, 63 Harv.L.Rev. 643 (1950). Here, the jury may have found the doctor negligent in operating the table while it was improperly adjusted, but even so, this would not relieve the hospital of liability for the original improper adjustment.

**4.** Deaconess's answer read: "Comes now defendant Deaconess Hospital, improperly named

in the above entitled cause, and for its Answer to plaintiff's Fourth Amended Petition states the following: (1) Defendant admits that plaintiff was an inpatient at a facility commonly referred to as Deaconess Hospital on or about the *25th* day of July, 1977, . . . ."

**5.** *See Orona v. Consolidated Cab Co.*, 373 S.W.2d 486, 488 (Mo.App.1963), where it is said "the mere misnomer of a corporate defendant is immaterial if the corporation was not thereby misled and if there was no substantial mistake indicating an intention on the part of plaintiff to sue a different entity."

A new trial was granted for two reasons. The first concerned the verdict directing instruction, which required a finding that the nurse assistant "had control of the adjustment of the proctoscopic examination table . . ." Deaconess argued that the word "adjustment" needed defining in a separate instruction. This was not necessary. The testimony adduced made clear the manner in which the table was adjusted for a proctoscopic examination. The term as used in the instruction was not confusing or unclear.

The second reason for the grant of a new trial was the instruction defining negligence. Such an instruction is required by MAI 31.02(3), the verdict directing instruction. Separate verdict directing instructions were given with respect to each defendant, but only one instruction was given defining negligence; it was MAI 11.06. Deaconess contends the instruction as given was erroneous because the singular form of the word "defendant" was used rather than the plural. Deaconess contends that this allowed the jury to find against the hospital based on the negligence of the physician. In light of the verdict in favor of the physician, however, it is clear that this was not done. We see no prejudicial error. We note that the wrong standard of care was set out in this instruction, but Deaconess has not challenged it on that basis.

For the foregoing reasons we believe the trial court erred in granting Deaconess's motion for new trial. Hence we remand for reinstatement of the jury verdict.

Plaintiff's final point contends that the court erred in refusing to grant her motion for judgment n. o. v. and alternative motion for a new trial against the physician. Plaintiff made no motion for a directed verdict at the close of the evidence and so cannot complain of the failure to grant a motion for judgment n. o. v. *Edens v. Myers*, 365 S.W.2d 559, 561 (Mo.1963); *Milner v. Texas Discount Gas Co.*, 559 S.W.2d 547, 550 (Mo.App.1977).

Plaintiff requested a new trial on the sole grounds that the verdict was against the weight of the evidence. A verdict for defendant need not be supported by any evidence, however, and while the trial court might have exercised its discretion to grant plaintiff's motion, its refusal to do so, in a negligence action based on oral testimony, will not be reviewed for error on appeal. *See J. D. Streett & Co. v. Bone*, 334 S.W.2d 5, 10 (Mo.1960).

Judgment in favor of defendant Bernabe affirmed; judgment in favor of defendant Deaconess Hospital reversed and remanded with directions to reinstate the verdict in favor of plaintiff.

SNYDER and CRIST, JJ., concur.