J.B. GROTHAUS, Respondent,

v.

William K. BROWN, Jr., Appellant.

No. 48886.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 19, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 26, 1985.

David Eric Sowers, St. Charles, for appellant.

William F. Brighoff, Troy, for respondent.

CRANDALL, Judge.

This is an action on account by plaintiff to recover compensation for goods and services rendered pursuant to an oral contract to farm defendant's land. Defendant filed a counterclaim for compensation for certain crops removed from the land and retained by plaintiff. The jury found in favor of plaintiff for $1143 on his claim and found in favor of plaintiff on defendant's counterclaim. Defendant appeals. We affirm.

 Defendant first argues that the trial court erred in denying his motion for judgment notwithstanding the verdict on his counterclaim. Defendant has not preserved this issue for review because he did not move for a directed verdict at the close of all the evidence. *Goodenough v. Deaconess Hospital,* 637 S.W.2d 123, 128 (Mo. App.1982); *Brandhorst v. Carondelet Savings and Loan Assn.,* 625 S.W.2d 696, 698 (Mo.App.1981). Defendant's first point is denied.

Defendant's second point is that the trial court erred in denying his motion for a directed verdict on plaintiff's claim. To determine whether the trial court should have granted a directed verdict in defendant's favor, we review the evidence and reasonable inferences therefrom in the light most favorable to the plaintiff. *Wessler v. Wessler,* 610 S.W.2d 650, 651 (Mo. App.1980).

The evidence, viewed in this manner, shows plaintiff, a lifelong farmer, entered into an oral contract to farm defendant's land. The agreement generally called for defendant to supply the land and plaintiff to supply the labor and machinery for planting. The parties equally shared the cost of seed, fertilizer, harvesting and hauling crops to market. Profits were divided fifty-fifty.

After operating under the contract for several years, plaintiff and defendant began having disagreements. Defendant eventually ordered plaintiff off the land. At the time defendant ordered him off the land, plaintiff had already planted some crops which were still in the fields.[1] Also at this time, defendant had not paid for his share of the harvesting of a recent wheat crop and would not accept the offer of payment or the offer of his share of the wheat tendered by plaintiff, nor had defendant paid his share of the baling and hauling of straw, and the mowing, raking and baling of hay. Plaintiff claimed he should be paid for his share of the cost of the seed already planted and the work already done on the land to prepare for future crops at the time defendant ordered him off the land, since plaintiff could no longer reap the benefits of his work.

Plaintiff chose to proceed on an action on account. MAI No. 26.03, the verdict director for an action on account, requires the jury to believe (1) at defendant's request plaintiff furnished goods (and services),[2] (2) plaintiff charged a specific amount for the goods (and services), and (3) the charges were reasonable.

 Plaintiff clearly made a submissible case. He furnished goods and services pursuant to an agreement with the defendant, whereby defendant requested those goods and services. Plaintiff had detailed records of the charges. Plaintiff also sufficiently established the reasonableness of the charges. Regarding services he provided, plaintiff testified about prices for similar services charged in the neighborhood. He had been a farmer all his life and was qualified to testify as to reasonableness of the charges for services. Regarding the charges for seed, plaintiff merely showed

---

1. Plaintiff had harvested these crops once but had planned to get three harvests from the single planting.

2. MAI No. 26.03 does not specifically talk of services, only goods. But labor has been found to be recoverable using this instruction. *See* *Wehrend v. Roknick,* 664 S.W.2d 247, 248 (Mo. App.1983); *Dahlberg v. Fisse,* 328 Mo. 213, 40 S.W.2d 606, 609 (1931). In addition, defendant did not offer instructions on a different theory. See *Wehrend,* 664 S.W.2d at 248.

that the seed was purchased from a certain elevator at a certain price. Defendant claims this did not constitute evidence of reasonableness. However, "substantial evidence that the charges were reasonable could be inferred from plaintiff's payment of said bills." *Wright v. Fox-Stanley Photo Products, Inc.*, 639 S.W.2d 407, 410 (Mo. App.1982). Even more substantial here is the fact defendant paid half the bill for the seed at the time it was purchased, with no evidence of any objection on his part at the time. Defendant's second point is denied.

The judgment of the trial court is affirmed.

DOWD, P.J., and CRIST, J., concur.