**OZARK PRODUCTION CREDIT ASSO-CIATION, Plaintiff-Appellant,**

**v.**

**Bruce HOPKINS and Jo Anne Hopkins, his wife, d/b/a Fair Play Sales and Auction Company, Defendants-Respondents.**

**No. 14496.**

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 30, 1986.

---

**1.** Unless otherwise indicated, all references to    statutes are to RSMo 1978.

Harold F. Glass, John G. Newberry, Schroff, Glass & Newberry, P.C., Springfield, for plaintiff-appellant.

Ralph W. Gilchrist, Bolivar, for defendants-respondents.

FLOYD McBRIDE, Special Judge.

This is an action for conversion of cattle allegedly subject to a security agreement. Plaintiff, Ozark Production Credit Association, brought the action against defendants who held eighty-eight head of cattle which had been previously delivered to Mr. and Mrs. Billy Walden, borrowers-debtors of plaintiff, and subsequently repossessed by defendants from Mr. Morris Bough. A jury trial resulted in verdicts for defendants, plaintiff's motion for judgment n.o.v. or, in the alternative, for a new trial was overruled and judgment was entered accordingly. Plaintiff appeals.

Plaintiff's contention that the trial court committed error in overruling its post-trial motion for judgment n.o.v. is without merit. A review of the record discloses that plaintiff made no motion for a directed verdict at the close of the evidence, and therefore, the issue is not available for review on appeal. *Grothaus v. Brown,* 690 S.W.2d 431, 432 (Mo.App.1985); *Goodenough v. Deaconess Hospital,* 637 S.W.2d 123, 128 (Mo.App.1982). An appellate court may not convict a trial court of error for failing to take action which was never requested. *Gambrell v. Kansas City Chiefs Football Club,* 621 S.W.2d 382, 385 (Mo.App.1981).

Plaintiff, having objected to the use of the instructions in a timely and proper manner, further claims prejudicial error in the giving of Instructions Numbered 8 and 12. These instructions, not in M.A.I., were given by the Court:

Instruction No. 8

Your verdict must be for plaintiff and against defendant Bruce Hopkins if you believe:

First, defendant Bruce Hopkins delivered the cattle mentioned in the evidence to Billy Walden without retaining a written security interest in them, and ·

Second, that Plaintiff had a valid security interest in the cattle mentioned in the evidence as after acquired property.

Third, defendant Bruce Hopkins retook possession of the cattle after delivering them to Billy Walden, excluding plaintiff Ozark Production Credit Association from possession, use or enjoyment of same.

The phrase "security interest" as used in this instruction means an interest in personal property which secures payment or performance of an obligation.

Instruction No. 12

Your verdict must be for plaintiff and against defendant Jo Anne Hopkins if you believe:

First, defendant Jo Anne Hopkins associated with defendant Bruce Hopkins as co-owner of Fair Play Sales and Auction Company, for profit, and

Second, defendant Bruce Hopkins delivered the cattle mentioned in the evidence to Billy Walden without retaining a written security interest in them, and

Third, that plaintiff had a valid security interest in the cattle mentioned in the evidence as after acquired property.

Fourth, defendant Bruce Hopkins retook possession of the cattle after delivering them to Billy Walden, excluding

plaintiff Ozark Production Credit Association from possession, use or enjoyment of same.

The phrase "security interest" as used in this instruction means an interest in personal property which secures payment or performance of an obligation.

■ Plaintiff's position that these instructions improperly submit a question of law to the jury for determination is meritorious. It is the function of the jury to decide issues of fact and not to decide questions of law. *Benham v. McCoy*, 213 S.W.2d 914, 920 (Mo.1948); *Carson-Mitchell, Inc. v. Macon Beef Packers, Inc.*, 544 S.W.2d 275, 276 (Mo.App.1976). In *Esmar v. Zurich Insurance Company*, 485 S.W.2d 417, 422, 423 (Mo.1972), the court concluded that giving an instruction which required the jury to find that the plaintiff sustained a "loss within the terms of the policy" was prejudicial error because the matter submitted was one strictly for determination of the court. In another instance, a verdict director that required the jury to find an "implied contract" was disapproved because it submitted a legal issue. *Kosher Zion Sausage Co. of Chicago v. Roodman's, Inc.*, 442 S.W.2d 543, 548 (Mo.App.1969).

The issue here of whether plaintiff possessed a "valid" security interest as submitted in Paragraphs Second and Third of the subject instructions is a question of law which should have been determined by the trial court and the submission of this legal issue to the jury was improper. We hold that the giving of Instructions Numbered 8 and 12 was prejudicial error.

The judgment is reversed and the cause remanded.

PREWITT, C.J., HOGAN, J., and C. DAVID DARNOLD, JOHN C. HOLSTEIN and EUGENE E. REEVES, Special Judges, concur.