**Jo An SUMMERS, Respondent,**

v.

**Michael A. FIKES, Appellant.**

**No. WD 45215.**

Missouri Court of Appeals,
Western District.

Aug. 25, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 29, 1992.

Application to Transfer Denied
Nov. 24, 1992.

Thomas B. Sullivan, II, Kansas City, for appellant.

Candis Young, Kansas City, for respondent.

Before SHANGLER, P.J., and KENNEDY and SMART, JJ.

KENNEDY, Judge.

Plaintiff sought and recovered judgment on an account for keeping and boarding defendant's mare, Miami Tu, and Miami Tu's colt, in the sum of (using the terminology of the verdict) "$12,000 plus 18 percent." The suit was based upon the stableman's lien statute, Section 430.150, RSMo 1986.

The trial court calculated the interest to amount to $5,527.23 and entered judgment for plaintiff against defendant for $17,-527.33.

Defendant appeals with two points. The first point is that the court erred in instructing the jury that it must award plaintiff, in addition to the reasonable value of services rendered to defendant by plaintiff, "18 percent interest thereon from the date of service."

Defendant's criticism of the instruction is, first, that it allowed the jury to give plaintiff a double recovery of interest. His argument is that plaintiff testified that the interest to date of trial was $3400 at the 18 percent annual rate. Defendant says the jury included, or might have included, the $3400 in the $12,000 as a part of plaintiff's damages. The allowance of interest in addition to the $12,000, then, according to

defendant, would duplicate the interest item included in the $12,000 item. However, there is no reason to suspect the jury did not understand that the interest was not to be included in their award of the value of keeping and boarding defendant's mare and colt in accordance with the language of the verdict-directing instruction, but was to be calculated afterwards on the sum found to be the value of such services.

Defendant's second criticism of the instruction, and of the judgment, is that the 18 percent interest rate is wrong—that the interest rate should be nine percent, not 18 percent. Defendant is right on this point. In the absence of contract, interest on an account is fixed by statute, and the rate is nine percent per annum. Sec. 408.020, RSMo 1986.

Plaintiff claims there was a contract for the payment by defendant of one-and-one-half percent interest per month, but the record does not support this assertion. Plaintiff testified that the monthly interest rate of one-and-one-half percent was "in one of those little things that we give to the customers." There was no evidence, though, that defendant received one of those "little things." The first billing statement that included any interest at all was dated January 5, 1990. The interest claimed was one and one-half percent per month. By this time though, plaintiff had brought suit against defendant, and defendant had filed counterclaims against plaintiff. Defendant was denying that he owed any board and keep for the animals. There is no evidence whatever that defendant ever assented to an 18 percent annual interest charge. The case must be remanded for the recomputation of interest at the statutory rate of nine percent per annum.

Defendant also argues that interest did not begin running until plaintiff's lawsuit was filed. There was evidence, however, that plaintiff had demanded payment from defendant earlier. Interest begins to run "on accounts after they become due and demand of payment is made...." Sec. 408.020. Demand may be made in a variety of ways. *Weekley v. Wallace*, 314 S.W.2d 256 (Mo.App.1958). "In any event,

plaintiff is considered to have demanded payment no later than the day suit was filed." *General Aggregate Corp. v. LaBrayere*, 666 S.W.2d 901, 910 (Mo.App. 1984).

 Defendant complains of the court's denial of his post-trial motion for judgment notwithstanding the verdict, or for a new trial, or for an order of remittitur of an amount testified to by plaintiff as the amount of her attorney's fees. A litigant may not ordinarily recover attorney fees from his adversary, unless provided by contract or by statute. *Ashworth v. Schneider*, 667 S.W.2d 16 (Mo.App.1984). We do not need in this case to decide if plaintiff was entitled to attorney's fees, for no prejudice resulted to defendant from plaintiff's testimony about attorney's fees incurred by her.

Plaintiff testified she was out attorney's fees of $2500 to $3000 in prosecuting her claim against defendant. Defendant's objection to the evidence was equivocal, and defendant's statements to the court could be interpreted as withdrawing any objection. Even if a proper objection was made, however, defendant still is entitled to no relief on this appeal. Defendant did not request an instruction withdrawing attorney's fees from the jury's consideration, as he might have done. *See, Shepard v. Harris*, 329 S.W.2d 1 (Mo.1959). (We do not mean to say the failure to submit a withdrawal instruction was a waiver of any objection to inadmissible evidence.) The verdict directing instruction did not by its terms submit attorney's fees as an element of damages, but allowed recovery only for "the reasonable value of the services furnished with 18% interest thereon from the date of service." The amount awarded by the jury gives us no reason to suspect that the jury went beyond the measure of damages submitted by the instruction.

The judgment for $12,000 is affirmed. The portion of the judgment assessing prejudgment interest is reversed and the case is remanded to the trial court for recomputation of pre-judgment interest at nine percent per annum in accordance with this opinion, and for the entry of a new judgment.

All concur.