**Eldred F. GILBREATH,
Plaintiff–Appellant,**

v.

**FIRST STATE BANK OF JOPLIN and
Lynn G. Hartley, Defendants–
Respondents.**

No. 18603.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 16, 1993.

David C. Dally, Crandall & Dally, Carthage, for plaintiff-appellant.

David W. White, Rebecca S. Yocum, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Overland Park, KS, for defendant-respondent Lynn G. Hartley.

Karl W. Blanchard, Jr., Robert L. Bradley, Blanchard, Van Fleet, Martin, Robertson and Dermott, Joplin, for defendant-respondent First State Bank of Joplin.

PREWITT, Judge.

Following trial by jury plaintiff received a verdict in his favor against both defendants for $50,000. Thereafter, pursuant to motion by defendants the trial court entered judgment in favor of defendants notwithstanding the verdict. Plaintiff appeals.

Motions for judgment notwithstanding the verdict are provided for in Rule 72.01(b). Plaintiff contends the trial court erred in granting defendants' motion because there was evidence supporting the verdict. In reviewing to determine if a submissible case was made and the judgment notwithstanding the verdict erroneous, this court considers only the evidence supporting the verdict, and inferences favorable to the verdict reasonably drawn from the evidence. *Goodenough v. Deaconess Hosp.*, 637 S.W.2d 123, 125 (Mo. App.1982). Judgment notwithstanding the verdict is affirmed only if there is no room for reasonable minds to differ. *Id.*

Plaintiff's petition sought "to recover for breach of fiduciary duty". Plaintiff contended that defendant Hartley and defendant First State Bank of Joplin, by whom Hartley was then employed as president of the bank, breached a fiduciary duty to him by advising him to execute an $80,000 promissory note secured by deed of trust. Plaintiff signed the documents. When he defaulted in payments of the note, defendant initiated foreclosure proceeding under the deed of trust.

In contending that a submissible case was made plaintiff relies on *Patton v. Shelton*, 328 Mo. 631, 40 S.W.2d 706 (1931) and a case following it, *Chmieleski v. City Products Corp.*, 660 S.W.2d 275 (Mo.App. 1983). In his brief plaintiff refers to the portion of *Chmieleski* at 294 which states:

From the foregoing authority, certain basic elements necessary to the establishment of a fiduciary relationship arise. In summary, these are: (1) as between the parties, one must be subservient to the dominant mind and will of the other as a result of age, state of health, illiteracy, mental disability, or ignorance; (2) things of value such as land, monies, a business, or other things of value which are the property of the subservient person must be possessed or managed by the dominant party; (3) there must be a surrender of independence by the subser-

vient party to the dominant party; (4) there must be an automatic or habitual manipulation of the actions of the subservient party by the dominant party; and (5) there must be a showing that the subservient party places a trust and confidence in the dominant party.

Plaintiff contends each element was shown by the evidence. He asserts that reasonable persons, and thus the jury, could have found element number one as plaintiff "because of age and/or ill health [became] subservient to the dominant will of Hartley". Defendants contend that there was no evidence supporting this element.

At trial, commenced on December 10, 1992, plaintiff testified he would be 82 on December 12. The act which he ·claimed breached the fiduciary duty occurred on January 27, 1989, when he was 78 years of age.

There was evidence that plaintiff had been hospitalized two weeks previously for surgery but no evidence that his condition affected him mentally. At the time of trial plaintiff continued to take care of his business affairs. There was no evidence that in 1989 his age or physical ailments affected his mind.

■ Age and· physical infirmities alone are not sufficient to establish mental weakness or disability. See *Sneathen v. Sneathen*, 104 Mo. 201, 16 S.W. 497, 498 (1891); WALTER H.E. JAEGER, 13 WILLISTON ON CONTRACTS, § 1626A (3d ed. 1970); 25 Am.Jur.2d Duress and Undue Influence § 43, p. 403 (1966). In a related area it was said in *Mullens v. Lilly*, 123 W.Va. 182, 13 S.E.2d 634, 641 (1941):

> Though it requires a less showing of undue influence where advanced age, physical or mental weakness is involved, such circumstances, however, of themselves raise no presumption of undue influence. They simply tend slightly to establish it.

Whether other elements were shown need not be decided. There was no evidence from which a jury could find the first element listed in *Chmieleski*. The trial court correctly granted defendants' motion for judgment notwithstanding the verdict.

The judgment is affirmed.

FLANIGAN, P.J., and CROW, J., concur.