**CLASSIC KITCHENS & INTERIORS, Plaintiff–Respondent,**

v.

**Darryl JOHNSON, Jr., and Lynn Plaisance Johnson, Defendants–Appellants,**

and

**Liberty Bank and Standard Federal Bank, Defendants.**

No. 24947.

Missouri Court of Appeals, Southern District, Division Two.

July 30, 2003.

Richard L. Schnake, Neale & Newman, L.L.P., Springfield, for appellants.

C. Bradley Tuck, Tuck & Lukachick, P.C., Springfield, for respondent.

JOHN E. PARRISH, Judge.

Darryl Brent Johnson, Jr., and Lynn Plaisance Johnson (collectively referred to as defendants) appeal a judgment rendered against them in favor of Classic Kitchens & Interiors (plaintiff). Judgment was entered for plaintiff on two counts, Counts II and III, of a three-count petition.[1] Count II was an action on account. Count III was an action for breach of contract. This court affirms.

This case was tried before the circuit court without a jury. Appellate review is undertaken commensurate with Rule 84.13(d). As *M.F.M. v. J.O.M.*, 889 S.W.2d 944 (Mo.App.1995), explains:

> The appellate court must sustain the judgment of the trial court "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." [*Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976)] at 32. In applying this standard, we invoke the rule of due deference, and view the evidence in the light most favorable to the judgment, disregarding all contrary evidence and permissible inferences, and accepting the trial court's determinations of credibility. *Mehra v. Mehra*, 819 S.W.2d 351, 353 (Mo.banc 1991).

*Id.* at 950.

Defendants are husband and wife. On February 25, 2000, Mrs. Johnson entered into a written agreement with plaintiff whereby plaintiff was to install new kitchen cabinets and countertops in defendants' home "as per bid." Plaintiff was to receive "the aggregate sum of $6,556.00 for the Contract Work, subject to additions and deductions for modifications of the Contract Work."

During the course of plaintiff's work, Mrs. Johnson complained that the cabinets were not being installed properly. The owner and operator of Classic Kitchens, Aaron Gulich, looked at the work and told Mrs. Johnson it had not been done right; "that he would fix it and make sure that it got done properly." After plaintiff considered the work to be finished, Mrs. Johnson was not satisfied. She left messages for Mr. Gulich about problems she observed

---

1. Count I was an action to perfect a mechanic's lien against defendants and other parties. The judgment dismissed Count I with prejudice. The dismissal of Count I was not appealed. Defendants filed five counterclaims against plaintiff. The trial court found for plaintiff on all five counterclaims. The judgment dismissed the five counterclaims with prejudice. That part of the judgment was not appealed.

with the cabinets. Plaintiff hired Brad Schrock, one of the owners of a competitor business, Kitchenland, to look at the cabinets and prepare a report concerning their condition.

Mr. Schrock testified at trial. He said the overall appearance of the cabinets when he first looked at them seemed fine. He rated their appearance as "average." He said his inspection of the cabinets, however, revealed things that were "un-workmanlike or in bad workmanlike condition." Mr. Schrock identified various parts of the cabinetry that needed replacement. He also noted the countertop needed correction either by placement of a shim to correct a gap or by repositioning the countertop. Mr. Schrock identified other repairs that were needed, such as repair of a sliding shelf by installing screws to correct the bottom part of the shelf from coming off. He was asked, "[o]n a scale of 1 to 10, with 10 being the best," how he would rate the cabinets and their installation. He answered, "For the Springfield area and what I've seen, it's average." He was asked, "Is that a 5?" He replied, "Yeah."

Mr. Johnson contacted Mr. Gulich after the cabinets had been installed. An appointment was made to establish a "punch list." Mr. Gulich and Mr. Johnson "went through the list of things that were not to [defendants'] satisfaction." Mr. Gulich testified that he was provided a list of things to be done; that plaintiff's personnel returned at a later time to take care of it. He stated that they corrected all the items that had been requested; that Mrs. Johnson was present when they did the final work.

Plaintiff filed the suit that is the subject of this appeal asserting the work that was performed was pursuant to a contract between the parties to this appeal that provided for total payment to plaintiff of $6,556.00; that additional work was performed at request of Mrs. Johnson totaling $139.90. Plaintiff contended the balance due for the work performed was $3,301.46. Plaintiff sought judgment for that amount, together with interest and attorney fees.

The trial court found for plaintiff on Count II of the amended petition and assessed damages in the amount of $3,050. The trial court further found for plaintiff on Count III and assessed damages "in addition to the amount found in count II" in the amount of $1,325. The damages in Count II were assessed against both defendants. The damages in Count III were assessed against defendant Lynn Plaisance Johnson. Interest was ordered paid on the damages awarded on Count II "at the rate of 9% as to defendant Darryl Johnson" and "at the rate of 18% against defendant Lynn Johnson from May 5, 2000."

■ Defendants' first point on appeal asserts trial court error "by entering judgment against Darryl Johnson for $3,050.00 on Count II of [the] ... petition, ... because the evidence does not support a finding that Darryl Johnson requested [plaintiff] to furnish any goods or services, in that [plaintiff] contracted with Lynn Johnson alone, and its owner admitted that his first contact with Darryl Johnson occurred only after ... [plaintiff] had completed the cabinet installation."

A situation similar as that to which Point I is directed existed in *Mathis v. Glover*, 714 S.W.2d 222 (Mo.App.1986). A building material supplier, Mathis, provided an exterior door, sidelight glass for the door, interior display cabinets, interior doors, stair railing, trim, casings and jambs for a construction project. The property owners, Mr. and Mrs. Glover, were not satisfied with the quality of the items the supplier provided or with the workmanship of the supplier's employees who installed the items in their home.

The supplier sued the Glovers for the materials provided and the value of the work in installing the items. The agreement pursuant to which the supplier provided the items for the Glovers' home and the work for its installation was between the supplier and Mr. Glover. Mr. and Mrs. Glover counterclaimed seeking damages against the supplier for faulty and unworkmanlike workmanship. The counterclaims alleged the Glovers had been damaged and sought judgment for both Mr. and Mrs. Glover against the supplier.

One of the issues in *Mathis* was whether a judgment for damages based on materials provided and work performed could be had only against the spouse with whom the supplier negotiated the agreement in question, or whether the supplier could recover against both spouses who owned the property where the materials were used and the work was performed. This court, relying on *Kaufmann v. Krahling*, 519 S.W.2d 29, 32 (Mo.App.1975), held that where one spouse joined the other spouse, who had separately negotiated the agreement in question, in counterclaiming against the contractor for damages, both spouses were equally liable on the contractor's claim for materials and labor done pursuant to the agreement. *Mathis*, 714 S.W.2d at 229. The holding in *Mathis* is apropos to the facts of this case. Point I is denied.

■ Point II argues that the trial court erred in entering judgment against Lynn Johnson on Count II of plaintiff's amended petition because Count II was an action on an open account. Point II contends that "the [trial] court erroneously applied the law, in that it entered judgment for charges covered by [plaintiff's] express contract with Lynn when a plaintiff cannot sue on an open account for breach of an express contract."

■ The U.S. District Court for the Eastern District of Missouri declared in *St. Louis Testing Laboratories, Inc. v. Mississippi Valley Structural Steel Co.*, 254 F.Supp. 47, 53 (E.D.Mo.1966), *aff'd* 375 F.2d 565 (8th Cir.1967), applying Missouri law, "The existence of an express contract does not preclude a party, after performance, from suing in quantum meruit for the reasonable value of the work and materials."[2] This court agrees. *See Oliver L. Taetz, Inc. v. Groff*, 363 Mo. 825, 253 S.W.2d 824, 829 (1953); *Knoch v. Frye*, 363 S.W.2d 737, 741 (Mo.App.1962). However, maximum recovery by a party to a contract who sues on an account is the contract price. *Jerry Ward Const. Co. v. Executive Hills Home Builders, Inc.*, 777 S.W.2d 629, 630 (Mo.App.1989). The reasonable value of merchandise or services not covered by the contract may be recovered in addition to amounts due under the contract. *Id.*

The recovery on Count II did not exceed the contract price plus an amount for additional work done not covered by the contract. Point II is denied.[3]

■ Point III claims the trial court erred in allowing plaintiff interest at the rate of 18% per annum from May 5, 2000, on the judgment rendered against Mrs.

---

**2.** An action in quantum meruit and an action on account are equivalent actions. *Raysik v. Standiford*, 944 S.W.2d 288, 292 (Mo.App. 1997); *Jerry Ward Const. Co. v. Executive Hills Home Builders, Inc.*, 777 S.W.2d 629, 630 (Mo.App.1989).

**3.** Defendants' Point II alternatively argued as a ground for claimed error in entering judgment against Mrs. Johnson on Count II of the amended petition, that the judgment on that account "is unsupported by the evidence or is against the weight of the evidence." The record on appeal discloses evidence from which the trial court could find damages in favor of plaintiff of the amount awarded on Count II.

Johnson. Defendants argue that because the provision for 18% interest is part of the contract and Count II of the petition was an action on an account, the interest should be limited to the "legal rate of 9% per annum."

■■■ The contract Mrs. Johnson entered into with plaintiff provides payments due and unpaid shall bear interest at the rate of 1½% per month. This amounts to 18% per annum. The award of interest at the rate of 18% per annum was based on plaintiff's right to recover interest on the basis of the contract. A party's vested rights pursuant to a contract are not diminished by the fact that damages are awarded on the basis of an action on account rather than on a breach of contract claim.[4] *Summers v. Fikes,* 839 S.W.2d 663, 664 (Mo.App.1992). Point III is denied.

■■■ Point IV asserts that the trial court erred by entering judgment for $1,325 on Count III, the claim for breach of contract, because plaintiff materially breached the contract by furnishing defective materials and labor; that Mrs. Johnson did not refuse to pay the balance plaintiff claimed due until after plaintiff breached the contract in this respect.

■■■ In support of Point IV, defendants rely on the "first to breach" rule.

> [T]he "first to breach" rule, ... holds that a party to a contract cannot claim its benefit where he is the first to violate it. *Forms Mfg., Inc. v. Edwards,* 705 S.W.2d 67, 69 (Mo.App. E.D.1985). That determination of the first to breach does not end the analysis, however, as only a material breach may excuse the

other party's performance. *Schaefer v. Rivers,* 965 S.W.2d 954, 958 (Mo.App. S.D.1998).

*R.J.S. Sec., Inc. v. Command Sec. Services,* 101 S.W.3d 1, 18 (Mo.App.2003).

■■■ "Whether a breach is material or immaterial is a question of fact." *Campbell v. Shaw,* 947 S.W.2d 128, 132 (Mo.App.1997). The trial court did not make findings of fact. All fact issues are, therefore, considered as having been found in accordance with the result reached. *Kleeman v. Kingsley,* 88 S.W.3d 521, 522 (Mo.App.2002). The trial court having found in favor of plaintiff, its finding is considered as being that plaintiff did not materially breach the contract with Mrs. Johnson, that any noncompliance with the contract terms by plaintiff were immaterial.

The person hired to examine the cabinets, Brad Schrock, testified that the cabinets and installation were average. His report stated that the "over all [sic] appearance of the kitchen is good" and "[m]ost of the items listed are minor problems and can be fixed quickly and easily." Aaron Gulich testified that plaintiff did not receive any complaints from defendants after fixing the items on defendants' punch list; that defendants did not indicate the cabinets were not acceptable as corrected.

■■■ "Substantial, though incomplete, performance of contractual duties with only slight deviations from the contract is sufficient evidence of performance by the party seeking to enforce the agreement." *Schaefer v. Rivers,* 965 S.W.2d 954, 957 (Mo.App.1998). There was sufficient evidence for the trial court to find that plain-

---

4. In *Summers,* there was no evidence in the record of a contract provision that permitted award of interest in excess of the nine percent statutory rate. "In the absence of contract, interest on an account is fixed by statute, and the rate is nine percent per annum." 839 S.W.2d at 664. In this case, there was a contract that specified the applicable rate of interest Mrs. Johnson was to pay.

tiff did not materially breach its agreement with defendant Lynn Johnson; that the "first to breach" rule did not excuse Mrs. Johnson from performing the contract she made with plaintiff. Point IV is denied. The judgment is affirmed.

PREWITT, P.J., and RAHMEYER, C.J., concur.