The CAPITAL BANK, Plaintiff–
Appellant,

v.

Charles G. BARNES, Defendant–
Respondent.

No. SD 29150.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 2, 2009.

Kevin Checkett, Carthage, for Appellant.

Richard L. Schnake, Christiaan D. Horton, Springfield, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

The Circuit Court of Pulaski County, Arkansas, entered judgment in favor of The Capital Bank ("Appellant") and against Charles Barnes ("Respondent") for an amount exceeding $300,000. Appellant registered' the Arkansas judgment as a foreign judgment in the Circuit Court of Taney County, Missouri; Appellant then caused an execution to be issued against the assets of Rocky's Italian Restaurant ("Rocky's"). Respondent filed a motion to quash the execution claiming that the restaurant was exempt because its assets were held in the entireties with his wife, Shirley Barnes. Following a bench trial, the trial court granted Respondent's motion, and quashed the execution against Rocky's. We affirm the judgment.

The trial court's ruling, in a bench trial, will be upheld "unless the judgment is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law." *VanCleve v. Sparks*, 132 S.W.3d 902, 905 (Mo.App. S.D.2004). This standard requires us to accept the trial judge's credibility determinations and view the evidence in the light most favorable to the judgment, while disregarding all contrary evidence and permissible inferences. *Classic Kitchens & Interiors v. Johnson*, 110 S.W.3d 412, 414 (Mo.App. S.D.2003). We must exercise caution before finding a judgment to be against the weight of the evidence because assigning weight to the evidence is a matter for the trial court. *Petrol Properties, Inc. v. Stewart Title Co.*, 225 S.W.3d 448, 453 (Mo.App. S.D.2007).

A tenancy by the entirety means that a "husband and wife hold property as one person." *Brown v. Mercantile Bank of Poplar Bluff*, 820 S.W.2d 327, 336 (Mo. App. S.D.1991). When spouses jointly own property, it is presumed to be held as a tenancy by the entirety. *Feinberg v. Feinberg*, 924 S.W.2d 328, 331 (Mo.App. E.D.1996). That presumption can be rebutted if the weight of the evidence leaves the trial judge with no doubt that the property was not held as a tenancy by the entirety. *Brown*, 820 S.W.2d at 336. A tenancy by the entirety can be severed by consent, agreement or acquiescence. *Langworthy v. Preston*, 975 S.W.2d 249, 252 (Mo.App. W.D.1998).

In the light most favorable to the judgment, the evidence was that Respondent and his wife have been married for 43 years; they have jointly owned as tenants by the entirety the real estate on which Rocky's sits for approximately 20 years. Although they operate the business together, there is no formal partnership or other writing. Respondent handles the purchasing and the general restaurant operations but consults with his wife on "major decisions." Respondent's wife works full-time at a bank but also helps with the restaurant on weekends; she "fills in where she's needed" but also takes care of the landscaping and the housekeeping.

All of the proceeds from the restaurant are deposited in a general business account, which is held by Respondent and his wife as a tenancy by the entirety. If there is money left over at the end of the year, it is deposited in Respondent and his wife's personal account or it is left in the general

business account for use the following year. Respondent and his wife have made business loans for various purposes and both were responsible for these loans. The assets of the restaurant and the real property have been used to secure all the loans.

Appellant claims the trial court erred in sustaining Respondent's motion to quash because Appellant proved by a preponderance of the evidence that Respondent's wife acquiesced to Respondent's sole ownership of Rocky's assets thereby rebutting the presumption of ownership as tenants by the entirety. Appellant sought to prove acquiescence by entering records into evidence stating that Respondent was listed with the Missouri Division of Liquor Control as the sole owner of Rocky's, since 1999; it also presented evidence that Respondent was listed as the owner of Rocky's on various merchant licenses with the city of Branson, since 2000. Appellant further offered Respondent and his wife's joint federal tax returns for 2005 and 2006, which list Respondent as the sole proprietor of Rocky's.

The law requires a presumption that jointly owned property is held as a tenancy by the entirety, which can be rebutted by a showing of severance by consent, agreement, or acquiescence. Despite Appellant's evidence, the trial judge found credible the testimony that Respondent and his wife both contributed to the operation of Rocky's, and they consulted on "major decisions." Furthermore, Respondent and his wife owned the real estate on which Rocky's sits for approximately 20 years, and all the proceeds from Rocky's were deposited into a joint bank account. On review we are required to accept the trial judge's credibility determination and view the evidence in the light most favorable to the judgment. Under that standard, substantial evidence supported the trial court's obvious doubt that Respon-

dent's wife had acquiesced in the sole ownership by Respondent and we, therefore, find no error in the court's judgment finding that Appellant failed to rebut the presumption that the property was held in a tenancy by the entirety.

The judgment is affirmed.

LYNCH, C.J., PARRISH, J., concur.