The COCA–COLA BOTTLING CO.,
Plaintiff-Respondent,

v.

Burl D. GROEPER, an individual
d/b/a St. Peters IGA,
Defendant-Appellant.

No. 48734.

Missouri Court of Appeals,
Eastern District,
Division One.

April 16, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 17, 1985.

Application to Transfer Denied
June 25, 1985.

William J. Raack, Clayton, for defendant-appellant.

Terry A. Gould, St. Louis, for plaintiff-respondent.

KAROHL, Judge.

In this court tried action on an open account for merchandise sold judgment was rendered for plaintiff for $6,194.74 plus interest and costs. Between January 31, 1983 and March 24, 1983 plaintiff made ten deliveries of merchandise to "St. Peters I.G.A., 401 Baltezor, St. Peters, Missouri." The balances on the invoices, less two credits, total the amount of the judgment.

The sole question for the trial court was whether plaintiff's customer was defendant as an individual or St. Peters Foods, Inc. d/b/a St. Peters I.G.A.

Plaintiff filed a petition on account and defendant filed a general denial. The trial court took judicial notice of an affidavit filed by defendant and his answers to interrogatories. Defendant showed that St. Peters Foods, Inc., a Missouri corporation, was incorporated on August 29, 1979 and went out of business on March 26, 1983. Defendant was a 25% shareholder in the corporation and its vice president. Plaintiff sold the subject merchandise to St. Peters Foods d/b/a St. Peters I.G.A. A package liquor license for the period of July 1, 1982 to June 30, 1983 was issued by the State Division of Liquor Control and St. Charles County to St. Peters Foods, Inc. at the address of the store. Federal and state tax bills were paid by the same corporation. Checks of "St. Peters Foods, d/b/a St. Peters I.G.A." issued in January, March, September and October 1982 and signed by Dennis Butler (president of the corporation) were paid to plaintiff for merchandise of plaintiff previously sold and delivered to the store. On this evidence defendant claims plaintiff sold its merchandise to the corporation and not to defendant as an individual.

Plaintiff's credit manager and route salesman testified for plaintiff. The salesman transacted business with defendant at the store. Defendant had to approve all sales or displays. The salesman also dealt with Dennis Butler and Glen Groeper but did not know Dennis Butler's capacity. He did not identify in what capacity defendant acted with reference to the corporation, as a partner or individually.

Plaintiff's credit manager had no contact with defendant with regard to the sales. Plaintiff had no credit application on file for St. Peters I.G.A. This was contrary to

policy but not uncommon. The credit manager testified that every document in the file which she did not bring to court indicated a name other than defendant. Her testimony indicated that plaintiff extended credit to St. Peters I.G.A. She described defendant's relationship with St. Peters I.G.A. as, "owner and partner." She learned about defendant's relationship with the store through defendant's answers to interrogatories and in a telephone conversation with defendant where he described his status as "owner or partner". This call occurred after the sales were made, after default on the account, after the date defendant said the corporation ceased to do business, and perhaps after suit was filed. She guessed that it may have been made in the summer of 1983. Plaintiff's ten invoices and ledger statement were addressed to St. Peters I.G.A. Defendant may have signed one of the ten invoices as receipt for merchandise.

Plaintiff offered a certification of the Secretary of State that St. Peters I.G.A. was never a corporation or a registered ficticious name in the record of his office. There was no such evidence relative to St. Peters Foods, Inc. and plaintiff's evidence does not dispute defendants' proof of the existence of the corporation or that the corporation was licensed to do business at the location of the store.

■ Defendant's sole issue on appeal is that plaintiff failed to make a submissible case against him individually. A suit on an open account is a suit in contract. Sufficiency of proof therefore depends upon proof of an offer, an acceptance and consideration between the parties as well as the correctness of the account and the reasonableness of the charges. *J.D. Streett & Co. v. Bone*, 334 S.W.2d 5, 8 (Mo.1960). As applied to this case plaintiff must offer evidence to prove: (1) defendant requested plaintiff to furnish the merchandise (offer); (2) defendant furnished the goods (acceptance); and (3) the charges were reasonable (consideration). *See* MAI 26.03. We find no such proof. We reverse.

■ The burden of proof is upon the plaintiff to make a submissible case. *Bridgeforth v. Proffitt*, 490 S.W.2d 416, 422 (Mo.App.1973). In order to carry the burden plaintiff must remove the issues from the "realm of rank conjecture and surmise and establish [the essential elements of its cause of action] by substantial evidence of probative value, or by inferences reasonably to be drawn from the evidence." *Id.* at 422. A judgment in a court tried case is to be overturned or set aside if it lacks substantial evidence to support it or is against the weight of the evidence. Rule 73.01. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ Before addressing the evidence we note that a corporation may adopt or assume a ficticious name, different from its true name, and may make and enter into valid and binding contracts under such assumed or ficticious name, even though the same is not registered as required by § 417.200 RSMo 1978. *State ex rel. Schoenbacher v. Kelly*, 408 S.W.2d 383, 387 (Mo.App.1966).

The testimony of plaintiff's credit manager is not probative of any facts with regard to the sale of merchandise. The last sale shown on plaintiff's invoices occurred on March 24, 1983. St. Peters Foods, Inc. went out of business on March 26, 1983, and the credit manager did not become involved with the account until sometime thereafter. Even if we accept as true that defendant told plaintiff's credit manager he was a partner or owner during a telephone conversation during the summer of 1983 that does not prove the identity of the party to whom plaintiff sold merchandise on the invoices between January 31, 1983 and March 24, 1983. Although the credit manager testified that she was dealing with defendant individually her involvement was an effort to collect a balance due and not to extend credit or negotiate the sale of merchandise. Plaintiff's burden was to prove the identity of the party to whom they sold merchandise and not the identity of the party from whom they attempted to collect the sums owed. Wheth-

er or not the defendant was the owner or partner in the operation of a store during the summer of 1983 does not establish that defendant was the party to whom plaintiff sold the subject merchandise. The undisputed evidence was that St. Peters Foods, Inc. was a Missouri corporation doing business at the store during the period of January through March 26 of 1983.

■ Nor may the plaintiff rely on statements made by the defendant to plaintiff's credit manager during the summer of 1983 that "Mr. Groeper told me to say that payment was in the mail on the past due balance." Even if he assumed the obligation to pay for the merchandise sold to the corporation the undertaking was necessarily gratuitous and this evidence did not relieve plaintiff of the burden of pleading and proving consideration. *See Whelan's, Inc. v. Bob Eldridge Construction Company, Inc.,* 668 S.W.2d 244, 249 (Mo.App. 1984).

■ Plaintiff's salesman's testimony supports a finding that defendant worked at the store and made decisions on sales and displays. This evidence fails to make even a colorable showing of defendant's legal status at the store, either as a shareholder, officer of corporation, partner or owner in an individual capacity. Because the salesman also did business with Dennis Butler and Glen Groeper without knowing their capacity his testimony is insignificant to prove defendant did business in his individual capacity at the store with the plaintiff.

Finally, the documentary evidence is of no help to the plaintiff in sustaining its burden of proof. Plaintiff's credit manager did not produce her file in court but acknowledged that none of the documents in the file except the receipt of merchandise of one of ten invoices mentioned the defendant. Plaintiff complains that it had no knowledge of the existence of the corporation or of the licenses to the corporation. These documents were, however, public records and were available to the plaintiff had it chosen to inquire. Plaintiff chose to do business with the store without benefit of a credit application from anyone.

■ Plaintiff also asserts error in considering defendant's contention that plaintiff dealt with a corporation because defendant filed only a general denial and not an avoidance or affirmative defense required by Rule 55.27(a). Plaintiff's motion to preclude the defendant from raising this defense was filed and overruled. That ruling has not been appealed. Defendant's denial that he was indebted to the plaintiff on account of goods and merchandise sold at defendant's instance and request joined that issue to those pleaded. Plaintiff then had the burden to prove the identity of the debtor.

There is no evidence from which the trial court could have identified who ordered the merchandise. Defendant consistently defended on the basis that it was the corporation and not defendant individually who purchased the merchandise. If there was a deficiency in the pleadings on this account the defect was cured by the trial of the issue without objection. § 509.500 RSMo 1978; *Will Docter Meat Co. v. Hotel Kingsway,* 232 S.W.2d 821, 823–824 (Mo. App.1950).

■ Finally, plaintiff argues that the trial court judgment against defendant individually was correct even if the corporation existed and did business at the store. It contends that defendant is personally liable for the debts of an undisclosed principal. *See Fairbanks v. Chambers,* 665 S.W.2d 33, 39–40 (Mo.App.1984). On that theory an individual may become liable for the debts of the corporate principal. This does not, however, relieve the plaintiff of the burden of proving that defendant ordered the merchandise either in his individual capacity or as agent for an undisclosed principal. *Id.* at 40. There is no proof that he did.

As we find that there is no probative evidence to support the judgment we reverse.

PUDLOWSKI, P.J., and GAERTNER, J., concur.