**HISTORIC HERMANN, INC., A Not–For–Profit Corporation, Plaintiff–Appellant,**

v.

**Mildred C. THULI, Defendant–Respondent.**

**No. 57354.**

Missouri Court of Appeals, Eastern District, Division Five.

June 5, 1990.

John Berkemeyer, Michaelene Palladino, Hermann, for plaintiff-appellant.

John Woodward, Steelville, for defendant-respondent.

JOSEPH J. SIMEONE, Senior Judge.

This is an action for specific performance for certain real property in Hermann, Missouri filed by the alleged purchaser, Historic Hermann, Inc. against respondent, Mildred C. Thuli. The appeal is by Historic Hermann, Inc. from a judgment rendered on August 18, 1989, in favor of defendant-respondent, Mildred C. Thuli. The judgment of the chancellor found that (1) since Historic Hermann, Inc. was not bound by the contract of sale because of no mutuality of obligation between the parties to this action, neither was the respondent bound thereby, and (2) even if there were a valid and binding contract between the parties for the sale of the real property, a clause in the contract constituted a condition precedent to Ms. Thuli's obligation to perform, which was neither waived nor satisfied, so that the contract did not become effective.

This is a court-tried, equity case. Our review is proscribed by the principles set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), which requires that the judgment is to be affirmed unless there is no substantial evidence to support it, or unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. The power of the appellate court to set aside the judgment on the ground that it is against the weight of the evidence is to be exercised with caution and with the firm belief that the judgment is wrong. Under this standard of appellate review, we affirm.

This proceeding began with the filing of a petition for specific performance by Hermann Revitalization Project. An amended petition was filed on August 25, 1988 in the name of appellant Historic Hermann, Inc. The amended petition alleged that Historic Hermann, Inc. entered into a contract on October 16, 1986 for the sale of real estate owned by Mildred Thuli and that Historic Hermann acted under the name of Hermann Revitalization Project, with Patrick H. Steele, as director thereof. The amended petition alleged that the contract of sale was to be closed by November 28, 1986, but that Mildred Thuli refused to close, although requested to do so. The petition prayed that Ms. Thuli be required to execute a warranty deed.

An evidentiary hearing was held on October 3, 1988 at which the following facts were adduced.

The Hermann Revitalization Project is a coordinated community revitalization project which began in July, 1984 and is approved by the Neighborhood Assistance Program. The Project grew out of a series of meetings of concerned citizens. It is not a corporation, has no membership, and is not registered as a corporation or association with the State of Missouri. It was established by an application filed with Economic Development Agency of the Neighborhood Assistance Program. The Project renovates and rehabilitates buildings, and in general attempts to promote the City of Hermann. Patrick H. Steele is the director or manager of the Project. He worked with various individuals and organizations including the bank, the Chamber of Commerce and a winery. Steele, at one point, had a contract of employment with the Neighborhood Assistance Program with power to negotiate projects, and rent or purchase property on behalf of the Steering Committee of the Neighborhood Assistance Program. He had no employment contract with Historic Hermann, Inc.

Historic Hermann, Inc. is a corporation organized under the laws of Missouri. It authorized the preparation of several applications in its name to the Economic Development Agency of the Neighborhood Assistance Program. It also acted as "sponsor" of the Hermann Revitalization Project. It has a board of directors and a slate of elected officers.

On August 16, 1986, a contract for the sale of real estate was entered into by and between Hermann Revitalization Project, by Patrick H. Steele and Mildred C. Thuli. The sale contract was for the purchase of Ms. Thuli's property and mobile home located on First Street in Hermann. The sale price was $14,000.00. Five Hundred Dollars was deposited as earnest money. The contract was prepared by a real estate agent. A few days later, on October 21, 1986, a clause was added to the sale contract. The clause read: "Purchaser [seller?] accepts this contract subject to settlement with the Government on Flood on or before November 15, 1986." The clause was added at Ms. Thuli's request and initialed by Steele.

The Thuli property was part of the East–Wharf–East Front Street or the Kropp House Project—property adjacent to the Thuli property. The Kropp House was acquired in July, 1985 by Historic Hermann.

At an evidentiary hearing, Mr. Steele testified that the Hermann Revitalization Project was a part of Historic Hermann and that Historic Hermann is the local sponsor of the Project. He testified that the sale contract was never completed although Ms. Thuli had been requested to close the sale. He further testified that considerable work had been done on the adjacent property and money had been expended. As to the added clause, he stated that it was added in order to "see that Millie Thuli benefited from a settlement" with the government's flood relief insurance program.

Subsequent to the October 16, 1986 sale contract, two other sale contracts were prepared to accommodate Ms. Thuli and her mobile home, but these were rejected by her.

Although Steele testified that Hermann Revitalization Project is a "part" of Historic Hermann, and he frequently reported to Historic Hermann on various projects, including the Thuli project, and although

Steele felt he was operating with the support and approval of the Board of Historic Hermann, the Board never approved or passed a resolution to purchase or acquire the Thuli property. Steele testified that he was "pretty sure that the Board knew that negotiations [for the purchase of the Thuli property] were under way."

Anne Steele, the wife of Patrick, is the secretary of Historic Hermann, Inc. She keeps the corporate minutes. At one Board meeting, the acquisition of the Thuli property was discussed. The minutes discuss the Thuli property, and the history of the Hermann Revitalization Project. The minutes indicate that one member of the Board explained that the Revitalization Project was "sponsored" by Historic Hermann, Inc. "to purchase properties for improvement and authorized the purchase of various properties including the Thuli property."

William E. Shrader, a member of the Board of Directors testified that he was aware of the projects and was aware of what Hermann Revitalization was doing, but was not aware, in any detail, of the purchase of the Thuli property. He was, however, aware that "purchasing maneuvers were going on."

Historic Hermann was given regular reports by the Project but did not formally approve or authorize the Thuli contract.

At the conclusion of the evidentiary hearing, the court took the matter under advisement.

After briefs were filed by the parties in July, 1989, the court entered its judgment on August 18, 1989. The judgment found in favor of Thuli, because at the time of the execution of the contract, Steele had "no specific authority" to act as agent for the plaintiff, Historic Hermann, Inc. The court said that Steele's principal, Hermann Revitalization Project is a "voluntary association of individuals working toward a common goal under the name of Hermann Revitalization Project but is not a legal entity and had no authority to bind its 'sponsor,' the plaintiff herein ..." Alternatively, the court concluded that even if there were a valid contract, the added clause relating to

the settlement for flood damage to the Thuli property was a condition precedent to the seller's obligation to perform. This was not a condition the buyer could waive and all parties understood it was for Thuli's benefit. The use of the word "Purchaser" in the conditional clause was unexplainable, but it must have been a mistake on someone's part. Finally, the court held that Mildred Thuli did not waive the condition precedent, and judgment was entered for Ms. Thuli.

On this appeal, Historic Hermann contends that the trial court erred in finding that (1) it was not bound by the contract of sale because there was substantial evidence to find that it "acted under the name of Hermann Revitalization Project," (2) Patrick Steele had no authority to act as its agent because there was substantial evidence to find he had authority to bind it on the contract, and (3) the condition precedent clause regarding settlement for flood damage was ambiguous and could be waived by appellant, or in the alternative, it was a condition for the benefit of Ms. Thuli and that, by her conduct she waived the condition.

■ The judgment in favor of respondent, Ms. Thuli, is affirmed. Historic Hermann was not a party to the contract. Although there was evidence that there was a working relationship between Historic Hermann, Inc. and the Hermann Revitalization Project, and that Historic Hermann was a "sponsor" for the Project, there was no substantial evidence that Steele, the director or manager of the Project, was the authorized, formal, and specific employee or agent of Historic Hermann so as to bind it to the contract of sale. Although the two organizations worked together and regular reports were made to Historic Hermann, and it was aware of the projects conducted by the Project and Steele, there is no substantial evidence to show that Steele or the Revitalization Project acted as a specific, authorized agent, with express, implied or apparent authority to bind appellant to the contract. The applications made by appellant to the Neighborhood Assistance Program, while in the name of the

appellant, do not rise to the level of making Steele or the Project an agent for the express purpose of purchasing the Thuli property. Although the minutes of the Board meetings of Historic Hermann show that one member explained that it "sponsored" the Revitalization Project to purchase property for improvement and generally authorized it to purchase various properties including the Thuli property, there were no formal minutes of the Board, or a formal resolution, specifically and clearly authorizing the purchase of the Thuli property. The mere fact that various proposals such as the Kropp House Project were presented to the appellant does not make Steele or the Revitalization Project the agent for Historic Hermann.

Clearly there is no substantial evidence to indicate that the Revitalization Project or Steele had the express, implied or apparent authority to enter into a contract for the purchase of the Thuli property on behalf of appellant.

■ Although the existence and scope of an agency need not be shown by direct and positive evidence, but may be inferred from facts and circumstances, an agency will not be created or inferred by or from conjecture or surmise. *Eybeg v. Shah,* 773 S.W.2d 887, 890 (Mo.App.1989); *Coca–Cola Bottling Co. v. Groeper,* 691 S.W.2d 395, 397 (Mo.App.1985). Historic Hermann has the burden to make a submissible case, and to show that an agency, in fact, existed. *Coca–Cola Bottling Co. v. Groeper, supra,* 691 S.W.2d at 397. The law does not° indulge in a presumption of agency; if an agency is to be inferred it must be inferred from a natural and reasonable construction of the facts, and not from a forced, strained or distorted construction. *Kaden v. Moon Motor Car Co.,* 26 S.W.2d 812, 814 (Mo.App.1930). In a true agency situation, the principal must appoint the agent—either expressly or by implication from conduct. *Stram v. Miller,* 663 S.W.2d 269, 275 (Mo.App.1983).

Under these traditional principles of agency, there was no such appointment of the Project by Historic Hermann, nor was there any express, implied or apparent au-

thority for Steele or the Hermann Revitalization Project to represent or act as agent for Historic Hermann so as to bind it for the purchase of the Thuli property.

■ Neither was there a ratification of the Thuli contract by Historic Hermann as suggested by the minutes of the Board meeting of August 22, 1988. Those minutes do not show a ratification, ·but rather show that Historic Hermann sponsored the Hermann Revitalization Project and show, in an oblique way, an authorized purchase of the property. There was no resolution of the Board to specifically ratify or approve the purchase, and no adoption of the contract. *Stram v. Miller, supra,* 663 S.W.2d at 276; *Empson v. Missouri Highway & Transp. Com'n,* 649 S.W.2d 517 (Mo.App.1983).

■ Under these circumstances, it is clear that Historic Hermann, was not a party to the contract or bound by the contract of sale entered into in the names of Hermann Revitalization Project by Patrick H. Steele and Mildred Thuli. The chancellor found that mutuality or reciprocity of obligation did not exist. The court did not err. Mutuality of obligation, or mutuality of performance, as distinguished from mutuality of remedy is a doctrine which is applicable between parties to the contract, which in this case did not exist under the facts. The contract was not enforceable against Historic Hermann, since it was not a party to the contract, hence, it is not enforceable against Ms. Thuli. *See Jones v. Jones,* 333 Mo. 478, 63 S.W.2d 146, 153, 90 A.L.R. 219 (Mo.1933); 71 Am.Jur.2d, *Specific Performance,* § 21 *et seq.* (1973).

A person who is not a party to a contract cannot enforce it. *See* Immel, *Contracts,* Ch. 7, Mo.Bar–CLE, Civil Actions, § 7.169 at 7–94 (1980); McClintock, *Equity,* § 68 at 181 (1936)—mutuality of obligation is essential and requisite to a valid contract; the doctrine of mutuality of remedy is a doctrine peculiar to equity; *see Epstein v. Gluckin,* 233 N.Y. 490, 135 N.E. 861 (1922); Restatement (Second) Contracts, § 79, comment f—both parties must be bound or neither is bound; *Haase v. Business Men's Assurance Company,* 275 S.W.2d 381, 383

**936**

(Mo.App.1955)—a contract cannot be enforced by a person who is not a party to it or in privity with it, and ordinarily obligations arising out of it are due only to those with whom it is made.

■ Neither did the trial court err in concluding that the clause inserted in the sale contract and initialed by Steele to the effect that the sale was subject to a settlement with the Government on flood damage before November 15, 1986, was a condition precedent to closing. A condition precedent is an act or event that must be performed or occur, after the contract has been formed, before the contract becomes effective. *Globe American Corp. v. Miller Hatcheries, Inc.*, 110 S.W.2d 393, 396 (Mo.App.1937); *Gillis v. New Horizon Development Co., Inc.*, 664 S.W.2d 578, 580 (Mo.App.1983). Ms. Thuli's property suffered flood damage and since she could not sell the property without additional monetary assistance, this clause was inserted. All the evidence indicates that the clause, although ambiguous because the word "purchaser" appears, was for the benefit of Ms. Thuli since she was to receive monetary flood assistance. She was the party to be protected. The date of November 15, 1986 was inserted by the real estate agent, but when inserted, it became part of the agreement. Although Ms. Thuli turned down a low interest loan, there was reasonable explanation for her action. She would have had to pay the loan back at $100 a month for 25 years, or until she reached age 85. Ms. Thuli eventually received a grant of $5,000, but never waived or thwarted the condition precedent. Ms. Thuli made a formal claim for damage within days after the contract was made. There was no evidence of a positive and unequivocal waiver. *Julian v. Kiefer*, 382 S.W.2d 723, 729 (Mo.App.1964). The clause relating to a settlement with the Government was clearly a condition precedent for the benefit of Mildred Thuli. Since the condition did not take place within the time set for closing, the contract did not become effective. In this regard the trial court did not err.

We have read the entire record, examined the numerous exhibits; we have read the briefs of the parties and the authorities relied upon and conclude there is no error.

The judgment is affirmed.

SIMON, C.J., and DOWD, P.J., concur.