**WELSCH FURNACE COMPANY, INC.,**
Plaintiff/Respondent,

v.

**John Dennis VESCOVO,**
Defendant/Appellant.

No. 58378.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 19, 1991.

Katherine Butler, St. Louis, for defendant/appellant.

Gregory S. Kessler, Leigh Joy Carson, Clayton, for plaintiff/respondent.

GARY M. GAERTNER, Presiding Judge.

In this action on an open account, judgment was rendered for the respondent, Welsch Furnace Company, Inc., and against appellant, John D. Vescovo, after a bench trial in the Circuit Court of St. Louis County. On appeal, appellant contends that the trial court erred in finding that respondent delivered merchandise and performed services for appellant in his individual capacity and not in his capacity as an employee of Capital Communities, Inc. We find merit to appellant's argument and reverse the judgment of the trial court.

Respondent is a Missouri corporation that installs furnaces and air conditioning units in new homes. Between July 17, 1987, and March 31, 1989, respondent installed heating and air conditioning and performed other services in several homes being built, allegedly, by appellant. After adjustments for credits, the invoices for these services showed a balance of $7,461.30. After unsuccessful demand was made on appellant, respondent filed its petition on account.

The trial on respondent's petition commenced on March 14, 1990. At trial, George Welsch, the president of Welsch Furnace Company, Inc., testified that, beginning in July of 1987, appellant contacted respondent's offices and requested various materials and services. The contracts entered into with appellant were oral. George Welsch testified that he could not recall speaking with appellant and admitted that his estimator, Mark Menefee, had authority to contract on behalf of respondent. Mr. Menefee did not testify at trial.

Although appellant did not attend the trial, portions of his deposition testimony were read into evidence. Appellant did not deny requesting the services of respondent, nor did he deny that the amounts charged were reasonable. Appellant merely maintained that the services were ordered on behalf of Capital Communities, Inc., his employer. Appellant, consequently, claimed that any suit on account should have been filed against the corporation and not against him individually.

Mr. Welsch's testimony, the deposition testimony of the appellant and the admission of several exhibits comprised the entire body of evidence before the trial court. The trial court entered its judgment that same day, ordering appellant to pay $7,461.30, and an additional $1,641.49 in interest.[1] This appeal followed.

Appellant claims on appeal that respondent failed to make a case against him as an individual. It is recognized Missouri law that an action on account is an action based in contract. *Coca–Cola Bottling Co. v. Groeper*, 691 S.W.2d 395, 397 (Mo.App., E.D.1985). The plaintiff's proof, thus, depends upon the plaintiff showing an offer, an acceptance, and consideration between the parties as well as the correctness of the account and the reasonableness of the charges. *Id.* Such evidence consists of proof that: 1) Defendant requested plaintiff to furnish merchandise or services; 2) plaintiff accepted the offer of the defendant by furnishing such merchandise or services; and 3) the charges were reasonable. *Id.*

The burden of establishing these facts rests upon the plaintiff. *Id.* To carry this burden, the plaintiff must remove the issues from the "realm of rank conjecture and surmise and establish [the essential elements of its cause of action] by substantial evidence of probative value, or by inferences reasonably to be drawn from the evidence." *Id.* (quoting *Bridgeforth v. Proffitt*, 490 S.W.2d 416, 422 (Mo.App., Spfld.D.1973). Once a trial court has ruled that a plaintiff has provided sufficient evidence to warrant a judgment in his favor, the decision of the trial court is not to be set aside unless it lacks substantial evidence to support it, is against the weight of the evidence, or is an erroneous declaration or application of the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

The testimony of Mr. Welsch tells this court little about the verbal contract entered into by appellant and respondent. There is no evidence whatsoever that the contract was entered into with appellant in his individual capacity. Indeed, Mr. Welsch recalled no conversation regarding the contract with appellant. Also, Mark Menefee, his estimator, who may have entered into the contract, did not testify at trial. The fact that invoices were sent to appellant without complaint does not prove that appellant purchased the merchandise and services in his individual capacity.

---

1. The interest due was calculated according to a 22 percent interest rate contained on one of the invoices admitted at trial. Appellant has claimed on appeal that the interest rate was excessive and was not bargained for. As we reverse the judgment of the trial court as to his liability, the issue raised pertaining to interest charged is now moot.

Even had appellant paid a portion of the amount due from his individual account, of which there is no evidence in the record,[2] such an undertaking can be seen as gratuitous and would not relieve the respondent of the burden of pleading and proving consideration. *Coca–Cola Bottling Co.*, 691 S.W.2d at 398.

There is no evidence in the record from which the trial court could have determined the capacity in which appellant ordered the goods and services from the respondent. Appellant consistently maintained that the products were ordered by the corporation and not by appellant as an individual. The decision of the trial court must be reversed.

Respondent claims that the trial court may have decided this case as a suit for an action on account stated or as a suit against the agent of an undisclosed principal. Without evidence being presented that appellant failed to disclose that he was acting in a corporate capacity, the evidence presented below still fails to present a viable cause of action against the appellant individually.

Reversed.

CRANDALL, C.J., and CRIST, J., concur.

---

2. A check admitted into evidence, sent by appellant and cashed by respondent as partial payment, was the only check admitted into evidence. This check was written on the corporate account.