**TAYLOR'S AUTO PARTS, Respondent,**

v.

**Robert A. MAYO, Appellant.**

**No. WD 43829.**

Missouri Court of Appeals,
Western District.

April 23, 1991.

Jefferson G. Broady, Rock Port, for appellant.

Taylor's Auto Parts, pro se.

Before LOWENSTEIN, P.J., and TURNAGE and FENNER, JJ.

PER CURIAM:

Taylor's Auto Parts originally filed a claim against "Mayo Ford, Robert Mayo and Karl Mayo" in small claims court for $1500 due on account. A default judgment was entered, however defendants filed an application for trial de novo in the circuit court. Section 482.365 R.S.Mo.1986.[1] The trial court heard the matter, and entered judgment for plaintiff against Mayo Ford and Robert Mayo for $1500.[2] Robert Mayo appeals, claiming that the evidence was not sufficient to establish his personal liability on the account.

---

1. All sectional references are to the Revised Statutes of Missouri 1986, unless otherwise indicated.

2. Apparently, defendant Karl Mayo filed bankruptcy before trial, and all action against him was stayed pursuant to 11 U.S.C. § 362(a). Therefore, Karl is not a party to this appeal.

The parties stipulated that: Mayo Ford, Inc., bought automobile parts on account from Taylor's Auto Parts; the total amount charged by Mayo Ford, Inc., is $1731.44; and that Mayo Ford, Inc., owes that amount to Taylor's Auto Parts. The issue before the court was whether Robert Mayo was also liable.

Mrs. Doris Taylor stated that she and Mr. Gary Taylor did business as Taylor's Auto Parts. Mrs. Taylor testified that Mayo Ford charged $1731.44 in automobile parts, and the purchase orders for those charges were placed in evidence. She testified that Karl Mayo, Robert's son, was the manager of Mayo Ford, and that the men who worked in the garage and the parts department at Mayo Ford would sign the tickets for the merchandise. The court asked Mrs. Taylor to whom the auto parts were sold. Mrs. Taylor explained,

"At the time Robert Mayo was the owner, I understood, and Karl, his son, was the manager.... Well, Karl—Robert—I did not know until after the business closed. So Karl Mayo was the manager so I guess you'd say we sold to them. But the heading is made to Mayo Ford.

Apparently, Mayo Ford closed, and Robert Mayo attempted to work things out with its creditors. Mrs. Taylor testified that Robert Mayo, "[told] us we would be paid." When she was not paid, she filed suit in small claims court against, "Mayo Ford," Robert Mayo and Karl Mayo.

Robert Mayo testified that Mayo Ford, Inc., is a Missouri Corporation, and that he was an officer of the corporation. Mr. Mayo said that he did talk to Mrs. Taylor several times after the business began having problems. He told Mrs. Taylor, "after the secured creditors were taken care of whatever was left over would be divvied up [between] all the creditors."

The court found from the evidence above that "Mayo Ford," and Robert Mayo owed Taylor's Auto Parts $1500, and entered judgment against Mayo Ford and Robert Mayo. Defendant Robert Mayo appeals, claiming that the plaintiff failed to make a case against him individually.

The judgment is reversed.

In a suit on open account, it is incumbent upon the plaintiff to prove that the defendant requested plaintiff to furnish the goods, that defendant furnished the goods, and that the charges were reasonable. *Coca–Cola Bottling Co. v. Groeper*, 691 S.W.2d 395, 397 (Mo.App.1985). Here, there is no evidence that Robert Mayo, in his individual capacity, ever ordered any parts from Taylor's Auto Parts. Further, if Robert Mayo's statement to Mrs. Taylor that, "[they] would be paid," is construed to be a guarantee, it was entered into well after the original transaction, and must be supported by new and independent consideration to be enforceable. *Springfield Television, Inc. v. Gary*, 628 S.W.2d 398, 403[6, 7] (Mo.App.1982). It is clear by their action in suing "Mayo Ford" that the Taylors understood that the business was the entity with which they were doing business.

Under the time-worn tenets of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), we find no substantial evidence to support the judgment.

The judgment against Mayo Ford is affirmed. The judgment against Robert Mayo is reversed and this cause is remanded with directions to enter judgment for Robert Mayo on the claim of the Taylors d/b/a Taylor's Auto Parts.