Reginald WARREN, Appellant,

v.

LONDON & SONS, INC. and Dale London and Hildren London, Respondents.

No. 64155.

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 16, 1994.

Steven Lewis, Forriss D. Elliott, P.C., St. Louis, for appellant.

Daniel T. Rabbitt, Mark A. Kinzie, Rabbitt, Pitzer & Snodgrass, P.C., St. Louis, for respondent.

KAROHL, Judge.

Reginald Warren appeals following a jury verdict and judgment in favor of London & Sons, Inc. in this suit for personal injuries. Warren, a customer and business invitee of London & Sons restaurant, sued after an incident which occurred on London & Sons' parking lot on August 24, 1987. Warren was assaulted by an unknown assailant who threw a brick through his car window. Warren appeals claiming he is entitled to a new trial because: (1) the verdict director incorrectly submitted the liability of business owners for assaults committed by third parties; (2) an objection to opinion testimony of an improperly qualified expert should have been sustained; (3) one of his witnesses should have been permitted to testify about lack of security; (4) an objection to London & Sons' closing argument should have been sustained; and, (5) the verdict was against the weight of the evidence. We affirm.

London & Sons filed a motion to dismiss Warren's appeal because the "statement of facts" in Warren's brief omitted facts relevant to the questions presented for determination in violation of Rule 84.04(c), and his brief contains no citations to the legal file or transcript as required by Rule 84.04(h). In addition, we observe deficiencies in some of Warren's "points relied on." This appeal is subject to dismissal, *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978). Solely because we conclude the trial court did not err, the motion is overruled.

On August 24, 1987, Warren drove to London & Sons, a fast food restaurant located at 3740 Martin Luther King Drive in the City of St. Louis, between 10:30 and 11:30 p.m. He parked his car and went in to purchase a sandwich and a drink. As Warren came out of the restaurant, three young men approached him. They asked him for some change and for a ride. Warren refused, and went to his car. As he tried to enter his car, one of the three men attempted to grab a gold chain from around his neck. Warren lifted his hand to prevent the assailant from taking the chain, and emerged from his car holding a crowbar. The three men backed away from him. He got back into his car. As he began to drive away, a brick came through his open window and struck the left side of his face. Warren had parked in an area that was not visible from inside London & Sons. No employees observed the incident. The police and an ambulance arrived. Warren was treated and released at a local hospital. He eventually received outpatient surgery on his left jaw.

London & Sons' parking lot was well lit. The restaurant is located on a busy intersection. There was expert testimony that London & Sons could have taken additional measures to protect its customers on the parking lot by installing security cameras, a fence, additional windows so that all areas of the lot could be seen from inside the restaurant, and by utilizing security guards. Defense experts testified that security cameras were impractical in such a high crime area because they are easily stolen, that a fence would make the parking lot more dangerous, and that additional windows and a security guard would not significantly reduce the instances of crime.

■ Warren's first point is the trial court erred when it instructed the jury on the law governing liability of business owners for assaults committed by third parties. The instruction complained of, however, was offered by Warren. It was submitted over defense counsel's objection. The trial court also urged Warren to amend the instruction.

■ Generally, a party may not complain of error in instructions it requested. *Sullivan v. KSD/KSD–TV*, 661 S.W.2d 49, 51 (Mo. App.1983). This rule has special application to the facts in the present case, where the trial court also believed the instruction, offered by plaintiff, misstated the law. London & Sons objected to the instruction and argued the third paragraph of the instruction would make defendant an insurer of anyone who came upon its premises by creating a duty to remove assailants, guard against assailants, or warn of assailants. Initially, Warren insisted the instruction accurately stated the law. The trial court sustained

London & Sons' objection and refused the tendered instruction. The instruction was a modified version of MAI 22.03, Fourth Edition, designed for submission in a slip-and-fall case. The trial court directed Warren to tender a different instruction following a break. When court reconvened, Warren tendered substantially the same instruction. The trial court responded as follows:

> THE COURT: Very well. Let the record show that the court finds that with essentially the same instruction, plaintiff has disregarded the ruling, prior ruling of the court in refusing instruction Marked A.
>
> So we're perfectly clear, gentlemen, the court will advise you at this time that in the event, if this instruction is given, the jury returns a verdict for the plaintiff, the court will, upon proper motion enter judgment for the defendant for plaintiff's failure to tender a proper instruction. Is that understood?

Counsel for Warren acknowledged he understood the Court's position. He now requests a finding of trial court error by adopting an opposite position.

Although we agree that the submitted jury instruction misstates the law of this case, we will not convict the trial court of error. The trial court was correct in admonishing Warren that the instruction was wrong, and Warren was apparently so confident his submitted instruction correctly stated the law that he was willing to trust that an appellate court would reinstate a potential verdict in his favor. Warren's attempt to disavow his tendered instruction on appeal amounts to pursuing a completely different theory on appeal. Point denied.

■ Warren's second point is the trial court erred when it overruled his objection to the testimony of Adkins Warren (no relation to plaintiff), London and Sons' security expert, because he was never properly qualified as an expert. Adkins Warren worked for the St. Louis Metropolitan Police Department for thirty-two years, then spent four years in Gainesville, Florida as police chief, and has spent the last ten years working for the Department of Justice. He testified he had been a consultant in security and has evaluated security situations in the past. He testi-

fied he was personally familiar with the London & Sons restaurant site prior to the incident and he visited it during April, 1992. Adkins Warren testified that the lighting on the parking lot was adequate, and that additional windows would not have deterred all attackers. Warren's contention that Adkins Warren's lack of familiarity with the security requirements of fast food restaurants in high crime areas disqualifies him from giving such testimony is without merit.

■ A witness may testify as an expert when, by reason of education, experience or training, the witness possesses superior knowledge to that of the average juror on the subject matter of the testimony. Section 490.065.1 RSMo Cum.Supp.1990. Adkins Warren possesses a lifetime of law enforcement experience and specifically has worked as a security consultant. The trial court did not abuse its discretion in overruling the objection to the qualifications of Adkins Warren to give testimony concerning the adequacy of London & Sons' security. Point denied.

■ Warren's third point is "the court erred when it prevented plaintiff's witness, Mr. Sharks, from testifying about security during direct examination." Warren does not state wherein and why the alleged ruling was erroneous, he cites no legal authority, he does not refer to the record, he does not state how he was prejudiced, and, in fact, the asserted claim of error is contrary to the record. Elijah Sharks testified as to the cost and necessity of installing windows, security cameras and television monitors· at the restaurant. In addition to violating Rule 84.-04(d), the alleged error is non-existent. Point denied.

■ Warren's fourth point is the trial court erred when it overruled his objection to closing argument of London & Sons. Referring to Dale London, counsel argued, "I'm proud to represent this man" and "he's a self-made man and I'm proud to be his lawyer." London & Sons claims the remarks were invited as a response to attacks on Dale London's character during Warren's closing argument. In any event, determining the prejudicial effect of final argument is a matter within the discretion of the trial court,

and the trial court's judgment on that matter will not be disturbed unless there was an abuse of discretion. *Hoover's Dairy, Inc. v. Mid–America Dairymen, Inc.,* 700 S.W.2d 426, 434 (Mo. banc 1985). We find no abuse of discretion.

■ Finally, plaintiff contends the jury's verdict was against the weight of the evidence. The verdict, however, was in favor of the party who had no burden of proof. A verdict in defendant's favor need not be supported by any evidence. *Bakelite Co. v. Miller,* 372 S.W.2d 867, 871 (Mo.1963). When the burden of proof is on the plaintiff, who relies on evidence that is not legally conclusive to establish all or some of the essential elements of his or her cause of action, a verdict in the defendant's favor is not required to have evidentiary support but rests upon a finding by the jury against the party having the burden of proof. *Id.* at 872. Further, there was evidence sufficient to support the verdict. Point denied.

We affirm.

AHRENS, P.J., and SIMON, J., concur.