**MFA, INC., Appellant,**

v.

**William and Nancy BYARS, Respondents.**

**No. WD 50447.**

Missouri Court of Appeals,
Western District.

Oct. 31, 1995.

Stanley Brian Cox, Sedalia, for Appellant.

James F. Crews, Tipton, for Respondent.

Before FENNER, C.J., P.J., BERREY, J. and TURNAGE, Senior Judge.

FENNER, Chief Judge.

MFA, Inc. sued William and Nancy Byars in contract to recover the unpaid balance of an account arising out of the sale of merchandise and services, financing charges, and attorney's fees. MFA filed a motion for default judgment against Mrs. Byars based on her failure to answer interrogatories. It also filed a motion for summary judgment against

the Byars. The trial court entered a default judgment against Mrs. Byars in the amount of $2,000 with interest. MFA's motion for summary judgment was granted against Mr. Byars in the amount of $11,168.41 with interest. MFA appeals.

On September 6, 1989, William and Nancy Byars signed a credit agreement in connection with the purchase of farm supplies from MFA, Inc. The credit agreement consisted of a credit application in which the Byars jointly applied for a line of credit in the amount of $2,000 and a written guaranty whereby the Byars' guaranteed payment to MFA "of any loan, notes, accounts or advances made to or for the use, account or benefit of the [Byars]." Through stipulations, the Byars admitted that they purchased supplies from MFA evidenced by invoices. They also admitted their liability under the credit agreement; however, Mrs. Byars argued that she was not liable for any amount over $2,000, the line of credit for which they were approved. The trial court agreed and entered default judgment against her for $2,000. It is from this judgment that MFA appeals.

In its appeal, MFA claims the trial court erred in setting damages against Mrs. Byars in the amount of $2,000. It argues that the trial court's determination of damages regarding the motions for default and summary judgment was not supported by the pleadings, interrogatories, admissions, and stipulated facts. Furthermore, it contends that the court erred in finding that the credit agreement limited Mrs. Byars' liability to $2,000.

█ Once a trial court determines that a plaintiff has provided sufficient evidence to warrant a judgment in an action on account, the decision of the court will not be set aside unless it lacks substantial evidence to support it, it is against the weight of the evidence, or it is an erroneous declaration or application of the law. *Welsch Furnace Co., Inc. v. Vescovo*, 805 S.W.2d 727, 728 (Mo. App.1991) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)).

█ The question on appeal is whether the trial court erred in limiting Mrs. Byars' liability under the credit agreement to the amount stated in the credit application. This issue was considered by the Southern District in *Missouri Farmers Assoc., Inc. v. Coleman*, 676 S.W.2d 855 (Mo.App.1984). In *Coleman*, Orville and Peggy Coleman were sued in contract for the unpaid balance of an account arising out of the sale of merchandise to Orville Coleman. *Id.* at 856. Mr. Coleman applied for credit in the amount of $500, and the Colemans signed a guaranty which guaranteed the payment of Mr. Coleman's account to the plaintiff. *Id.* at 857. The guaranty stated that Orville and Peggy Coleman "guarantee payment to [plaintiff] of *any* and *all* loans, accounts, or advances made to or for the use, account or benefit of [Orville Coleman]." *Id.* Mrs. Coleman contended that her liability under the credit agreement was limited to $500 because the credit application was in the stated amount of $500. The court rejected this contention stating that a guaranty is a collateral and independent contract which imposes different responsibilities than those imposed in an agreement to which it is collateral. *Id.* at 858 (citing *Standard Meat Co. v. Taco Kid of Springfield, Inc.*, 554 S.W.2d 592, 595 (Mo. App.1977)). The court concluded that, by its own terms, the guaranty signed by the Colemans guaranteed any and all loans and accounts made to Orville Coleman, and the amount sought in the credit application did not restrict the liability of the guarantors to that amount. *Id.*

The present case is very similar to *Coleman*. Like the Colemans, the Byars applied for a stated amount of credit and signed a written guaranty which "guarantee[d] payment to [MFA] of any and all loans, notes, accounts or advances made to or for the use, account or benefit of the [Byars]." Mrs. Byars' liability was dependent upon the guaranty agreement, and MFA's obligation to extend credit to the Byars up to $2,000 did not modify or condition the guaranty. The language of the guaranty did not restrict Mrs. Byars' liability to $2,000. The trial

court, therefore, erred in limiting Mrs. Byars' liability to $2,000, the amount sought in the credit application. The judgment against Nancy Byars awarding MFA $2,000 is reversed and remanded.

All concur.