Gary CHIDESTER, Appellant,

v.

Reta DABNEY and Marc Dabney, Respondent.

No. WD 52364.

Missouri Court of Appeals, Western District.

March 4, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 29, 1997.

Kristie J. Swaim, Clifford B. Mayberry, Mayberry & Mayberry, Kirksville, for appellant.

Scott Templeton, Oswald & Cottey, Kirksville, for respondents.

Before ULRICH, C.J., P.J., and ELLIS and EDWIN H. SMITH, JJ.

ELLIS, Judge.

About 4:00 p.m., on January 14, 1984, respondent Marc Dabney was driving a tractor south on Route 202 in Schuyler County Missouri. The tractor was pulling a wagon containing hay bales. When the tractor began "running rough," Mr. Dabney suspected it was low on fuel and pulled off the shoulder, about ten feet from the road. After getting a ride home, Mr. Dabney picked up fuel and some tools. Respondent Reta Dabney then drove Mr. Dabney back to the tractor. Mrs. Dabney was not using her headlights during this trip. They arrived at the tractor between 5:00 and 5:30, and Mrs. Dabney parked her pickup truck three feet in front of the tractor, facing north. Mr. Dabney refueled the tractor, eventually making use of a flashlight.

At about 6:30 p.m., moments after Mr. Dabney started the engine back up, a car driven by Appellant Gary Chidester crashed into the rear of the hay wagon. Mr. Dabney felt the tractor move a bit and heard a little skid in the gravel. Mr. Dabney got out of the tractor and saw the car. He told Mrs. Dabney to pull along the shoulder so they could see. Mrs. Dabney turned on her headlights and complied. Mr. Chidester got out of the car, and Mr. Dabney asked whether he was hurt. Mr. Chidester answered that he had hurt his lip, but that it was unnecessary to call an ambulance. Mr. Chidester told Mr. Dabney a vehicle had "bright lighted" him and run him off the road.

Mr. Chidester filed a petition for damages in the Circuit Court of Schuyler County alleging negligence on the part of both Mr. and Mrs. Dabney. Mr. Chidester claimed the headlights from Mrs. Dabney's pickup truck caused him to think someone was in his lane, prompting him to swerve onto the shoulder where he struck the unlit hay wagon.

Jury trial began on September 25, 1995. On the morning of September 27, ten minutes into appellant's closing argument, Mr. Dabney collapsed and fell out of his chair. He lay face down, unconscious on the floor. Mrs. Dabney began shaking him and calling out his name. Within seconds of the incident, the bailiff escorted the jury to the jury room.

After medical personnel transported Mr. Dabney to the hospital, Mr. Chidester requested a mistrial, which was denied by the court. The court recalled the jury, told them that Mr. Dabney had been taken to the hospital for observation and that court would be recessed for an undetermined length of time. The court instructed the jurors not to discuss the case with anyone and then excused them.

Court reconvened on October 2, 1995, with Mr. Dabney present and apparently in good health. Mr. Chidester again moved for a mistrial, which was again denied by the court. The trial court informed the jury that Mr. Dabney's illness was in no way caused by the current proceedings and instructed them not to consider his ailment in any way in reaching their verdict. The remaining instructions were then given to the jury, and closing arguments were made. Following deliberations, the jury returned a verdict assessing zero fault to each of the three parties and awarding no damages to Mr. Chidester. Mr. Chidester filed a motion for new trial which was argued before the court and denied on October 26, 1995. Mr. Chidester brings two points on appeal.

In his first point, Mr. Chidester claims the trial court abused its discretion in denying his motions for a mistrial following Mr. Dabney's collapse, thereby denying him a fair and impartial trial. He asserts that the attack, and the resulting delay, gave the jury "time to speculate as to the health and wellness" of Mr. Dabney and "allowed them reason and time to feel more compassionate and sympathetic" toward him. Because of this, Mr. Chidester claims the jury was unable to fulfill its role as a fair and impartial factfinder.

■ The declaration of a "mistrial is a drastic remedy which should only be granted where the incident is so grievous that the prejudicial effect can be removed in no other way." *Countryman v. Seymour R–II Sch. Dist.*, 823 S.W.2d 515, 518 (Mo.App. S.D. 1992). The trial court is in the best position to determine whether the prejudice was so great that a mistrial is necessary. *Buckallew v. McGoldrick*, 908 S.W.2d 704, 709 (Mo. App. W.D.1995). Therefore, the decision to grant or deny a mistrial rests within the sound discretion of the trial court and will only be reversed where there has been a manifest abuse of discretion. *Callahan v. Cardinal Glennon Hosp.*, 863 S.W.2d 852, 867 (Mo. banc 1993).

■ In the case at bar, we find no such abuse of discretion. By all accounts, Mr. Dabney's attack was neither fake nor excessive, and the judge had the jury removed within seconds of Mr. Chidester's collapse. Court was resumed within five days of the incident, with Mr. Dabney present and apparently in good health. Prior to resuming the case, the trial court read a curative instruction to the jurors, which the court deemed sufficient to counteract any prejudicial effect the incident might have had on the jury. The trial court acted well within its discretion in taking this course of action rather than declaring a mistrial. Point denied.

■ In his second point, Mr. Chidester argues that the trial court abused its discretion in denying his motion for new trial because the jury's verdict was against the weight of the evidence. This court cannot rule on the weight of the evidence in a jury tried case. *Warren v. Thompson*, 862 S.W.2d 513, 514 (Mo.App. W.D.1993). "The trial court alone has discretion to grant or deny a motion for new trial on the ground that the verdict was against the weight of the evidence," and the "trial court's overruling a motion for new trial on that ground constitutes a conclusive determination that cannot be overturned on appeal." *Id.; Johnson v. Creative Restaurant Management*, 904 S.W.2d 455, 460 (Mo.App. W.D.1995).

■ Even assuming that Mr. Chidester intended, instead, to challenge the sufficiency of the evidence to support the verdict, his contention must fail. The verdict was in

favor of a party that bore no burden of proof. It was incumbent on Mr. Chidester to prove that the defendants were negligent and that his injuries directly resulted from that negligence. *Hitt v. Martin,* 872 S.W.2d 121, 123 (Mo.App. E.D.1994). "When the burden of proof is on the plaintiff, who relies on evidence that is not legally conclusive to establish all or some of the essential elements of his or her cause of action, a verdict in the defendant's favor is not required to have evidentiary support but rests on a finding by the jury against the party having the burden of proof." *Warren v. London & Sons, Inc.,* 883 S.W.2d 570, 573 (Mo.App. E.D.1994) (citing *Bakelite Co. v. Miller,* 372 S.W.2d 867, 872 (Mo. banc 1963)). A jury verdict will only be interfered with on appeal if there is a complete absence of probative facts to support that verdict. *Hitt,* 872 S.W.2d at 123. Where the verdict is for the defendant, an appellate court looks to the evidence "to determine whether probative facts existed to support the jury's implicit finding that [the plaintiff] failed to prove one or more elements of [his] prima facie case." *Copeland v. Compton,* 914 S.W.2d 378, 381 (Mo.App. S.D. 1996).

A review of the evidence reveals that the jury could have found that Mr. Chidester failed to establish causation. Mr. Chidester's theory of negligence regarding Mrs. Dabney was that she had her bright headlights on while parked facing the wrong way on the highway. Mr. Chidester claimed that these lights appeared to be in his lane, causing him to swerve off the road and blinding him. The jury was entitled to believe Mrs. Dabney's testimony that she did not have her headlights on. Furthermore, Mr. Chidester's own testimony indicated that the lights he saw appeared to be from a semi-truck which was moving toward him. This evidence supports a finding that a vehicle other than Mrs. Dabney's caused Mr. Chidester to veer off the road.

Mr. Chidester's theory regarding Mr. Dabney's negligence related to his failure to have a red light or florescent triangle emblem on the rear of the hay wagon. If the jury believed Mr. Chidester's testimony that he was blinded by headlights, they could rationally have found that he would not have seen such warnings in time to prevent the accident.

The jury's finding that neither Mr. or Mrs. Chidester was negligent is sufficiently supported by the evidence. Point denied.

The judgment is affirmed.

All concur.