ST. FRANCIS MEDICAL
CENTER, Appellant,

v.

Robert HARGROVE and Joanne
Hargrove, Respondents.

No. 21412.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 16, 1997.

**950**

David H. Bailey, Jr., Saale & Bailey, L.C., St. Peters, for Appellant.

Jim S. Green, Jim S. Green, P.C., Sikeston, for Respondents.

PARRISH, Presiding Judge.

St. Francis Medical Center (Hospital) appeals a judgment for Robert Hargrove and Joanne Hargrove (collectively referred to as defendants) in an action on an account. The judgment was entered in accordance with a jury verdict. Hospital contends there was no substantial evidence to support the jury verdict; that, therefore, the trial court erred in accepting the verdict and entering judgment in accordance with the verdict and in denying Hospital's motion for judgment notwithstanding the verdict. It further contends the trial court erred in denying Hospital's motion for new trial because the verdict was a result of jury bias or misconduct resulting from improper argument of defendants' attorney. This court affirms.

Mr. Hargrove was hospitalized twice at Hospital's facility in Cape Girardeau, Missouri. His first hospitalization was from April 8 to April 23, 1993, and the second was from November 22 to November 26, 1993. He underwent an appendectomy and drainage of an abscess for perforated appendicitis during the first hospitalization. After he was discharged, an incisional hernia developed. The second hospitalization was for repair of the hernia.

Hospital billed Mr. Hargrove $18,800.04 for treatment during his first hospitalization and $5,672.63 for treatment during his second hospitalization. His insurance carrier paid $2,055.65 for treatment rendered during the second hospitalization. Mr. Hargrove paid an additional $740 on the bill. Hospital mailed demands to Mr. Hargrove for payment of $18,694.54 for the first hospitalization and $3,616.98 for the second hospitalization. It later filed this action seeking recovery of $21,806.52 plus interest.

Hospital's first two points contend there was no substantial evidence that supports the verdict for defendants; that the verdict was against the weight of the evidence. Point I contends the trial court erred in denying Hospital's motion for judgment notwithstanding the verdict. Point II contends the trial court erred in accepting the verdict and entering judgment in accordance with the verdict.

As explained in *Helmtec Industries, Inc. v. Motorcycle Stuff, Inc.*, 857 S.W.2d 334 (Mo. App.1993):

An action on an account is an action based in contract. *Welsch Furnace Co. v. Vescovo*, 805 S.W.2d 727, 728 (Mo.App.1991); *Coca–Cola Bottling Co. v. Groeper*, 691 S.W.2d 395, 397 (Mo.App.1985). Sufficiency of proof depends upon the showing of an offer, an acceptance, and consideration between the parties, as well as the correctness of the account and the reasonableness of the charges. *Welsch*, 805 S.W.2d at 728; *Coca–Cola*, 691 S.W.2d at 397. Plaintiff has the burden of proof to make a submissible case. *Coca–Cola*, 691 S.W.2d at 397. To carry this burden of proof, plaintiff must present more than mere conjecture and establish its case by substantial evidence having probative value or by reasonable inferences which can be drawn from its evidence. *Id.* Accordingly, plaintiff must prove that 1) defendant requested plaintiff to furnish merchandise or services, 2) plaintiff accepted defendant's offer by furnishing such merchandise or services, and 3) the charges were reasonable. *Welsch*, 805 S.W.2d at 728; *Coca–Cola*, 691 S.W.2d at 397; *see also* MAI 26.03 [1969 New]. The defendant's only burden is to prove any affirmative defenses. *J.D. Streett & Co. v. Bone*, 334 S.W.2d 5, 8 (Mo.1960).

*Id.* at 335–36.

Hospital presented two witnesses at trial, Roberta Matlock, its business office support coordinator, and Greg Pleimann, its vice president of finance. Ms. Matlock testified that she receives an itemized bill for each patient; that her responsibilities include checking the bills for accuracy. She stated she was not involved in determining the charges that appear on a bill; that she had *no way of knowing whether* Mr. Hargrove received each item listed on the statement that was sent to him.

Mr. Pleimann explained the manner in which Hospital determines its charges. He told the jury that, based on information available to him in his position with Hospital, the charges listed on Mr. Hargrove's statement were reasonable charges for the services shown. On cross-examination, however, Mr. Pleimann acknowledged he did not have personal knowledge that Mr. Hargrove received the particular items for which he was billed on the statement. He was asked if he could tell the jury that "eighteen thousand eight hundred and some-odd dollars was a reasonable charge for services that Mr. Hargrove got as a result of an appendectomy." He answered, "I'm not qualified to do that."

■ Hospital, as plaintiff, had the burden of establishing the facts required to prove its action on an account. "To carry this burden, the plaintiff must remove the issues from the 'realm of rank conjecture and surmise and establish [the essential elements of its cause of action] by substantial evidence of probative value, or by inferences reasonably to be drawn from the evidence.'" *Welsch Furnace Co., Inc. v. Vescovo*, 805 S.W.2d 727, 728 (Mo.App.1991), quoting *Coca–Cola Bottling Co. v. Groeper*, 691 S.W.2d 395, 397 (Mo.App. 1985), and *Bridgeforth v. Proffitt*, 490 S.W.2d 416, 422 (Mo.App.1973).

■ The jury was free to believe all of the testimony of Mr. Pleimann, none of it, or accept part and reject part. *Concordia Lumber Co., Inc. v. Davis*, 696 S.W.2d 851, 854 (Mo.App.1985). His was the only testimony that went to the issue of whether the charges for the services provided Mr. Hargrove were reasonable, one of the elements Hospital was required to prove. The jury could have concluded that the charges Hospital sought to recover were not reasonable. "On appeal, this court accepts as true the evidence and inferences therefrom that are favorable to the prevailing party." *Wates v. Joerger*, 907 S.W.2d 294, 297 (Mo.App.1995). The trial court committed no error in denying Hospital's motion for judgment notwithstanding the verdict. Point I is denied.

■ Point II is, likewise, not well-taken. Hospital's evidence was not legally conclusive as to the reasonableness of the charges for which recovery was sought. Hospital had the burden of proving its cause of action. Defendants had no burden of proof. *Helm-*

*tec Industries, Inc. v. Motorcycle Stuff, Inc., supra.* A verdict in favor of a party who has no burden of proof need not be supported by any evidence. *Warren v. London & Sons, Inc.,* 883 S.W.2d 570, 573 (Mo.App.1994). It rests on a finding by the jury against the party who had the burden of proof. *Id.* Point II is denied.

 Hospital's final allegation of trial court error is directed to statements made on behalf of defendants during closing argument. Point III asserts the trial court erred in denying Hospital's motion for new trial (that was an alternative motion to its motion for judgment notwithstanding the verdict) because "the verdict was the result of jury bias, passion, prejudice and/or misconduct in that defendants' counsel improperly argued defendants [sic] financial condition, annual income and potential bankruptcy in closing argument."

The statements in defendants' closing argument about which Hospital complains are:

> What we've got is a situation in which Mr. Hargrove and his wife are charged for 19 days in a hospital, almost twice as much as they made in the year 1993. And now these people have come to say that's reasonable. And you've got to believe it's reasonable. Why? Because we did it.

> . . . . .

> There was nothing he [Mr. Hargrove] could do about it. Don't force him into bankruptcy. Be reasonable.

Hospital, however, failed to preserve this allegation of error for appellate review. There were no objections made to these arguments at trial. The allegation of error in Point III can, therefore, be reviewed only for plain error. *Hammer v. Waterhouse,* 895 S.W.2d 95, 106 (Mo.App.1995).

Plain error occurs only when the reviewing court deems manifest injustice or miscarriage of justice occurred. *Kackley v. Burtrum,* 947 S.W.2d 461, 466 (Mo.App. 1997). Plain error is rarely found to have

occurred in civil cases. *Id.* Determination of the prejudicial effect of closing argument is a matter that is within the discretion of the trial court. *Warren v. London & Sons, Inc., supra,* at 572. That determination will not be disturbed on appeal unless there was an abuse of discretion. *Id.* at 573.

The issue presented to this court was before the trial court in its determination of Hospital's alternative motion for new trial. That motion was not granted. This court's review of the portion of the argument about which Hospital complains, considered in the context of the rest of the argument to the jury, does not reveal the trial court abused its discretion in denying the alternative motion for new trial. Point III is denied. The judgment is affirmed.

SHRUM and BARNEY, JJ., concur.